THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM HERMAN LYONS, Defendant-Appellant.

(No. 71-7;

Second District—May 8, 1974.

Paul S. Chervin, of Waukegan, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan (William J. Jones, Assistant State's Attorney, and James W. Jerz, of Model District State's Attorneys Office, of counsel), for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

William Herman Lyons, the defendant, was charged with the offense of driving while license revoked (Ill. Rev. Stat. 1971, ch. 95½, par. 6—303). He was convicted on October 8, 1970, after a bench trial and sentenced to 120 days' imprisonment in Vandalia. He appeals, urging for reversal that he did not understandingly waive his right to a jury trial and that he was not afforded an independent hearing in aggravation and mitigation. We have also taken with the case a motion by defendant to reverse and remand for the failure of the record to show that defendant was admonished as to his right to have counsel present and knowingly waived that right as declared (subsequent to this trial) in *Argersinger v. Hamlin* (1972), 407 U.S. 25, 32 L.Ed.2d 530, 92 S.Ct. 2006.

The proceedings below were not reported; and neither the defendant nor the State have furnished a bystander's report of proceedings or a stipulation of facts. Ill. Rev. Stat. 1971, ch. 110A, par. 323(c),(d).

The common-law record contains a photocopy of a waiver of jury signed by the defendant on August 13, 1970. It also contains the following docket entry on that date:

> "Deft. appears in open Court without counsel—Deft. advised of his rights—Waives trial by jury—Pleads not guilty—Deft. found to be 33 years of age—Cause set for hearing 9-10-70, 9:30 A.M."

■■ The common-law record imports verity and is presumed to be correct unless contradicted by other facts in the record. (*People v. Williams* (1963), 27 Ill.2d 327, 329; *People v. Irvin* (1972), 6 Ill.App.3d 550, 552.) A verbatim transcript, or in its absence, a bystander's report or stipulation pursuant to Supreme Court Rule 323(c), or (d) would have furnished a more complete basis for a review of the issues defendant has raised. But in the absence of a better record, we will review the issues based upon the common-law record alone. *People v. Bowers* (1972), 4 Ill.App.3d 453, 456.[1]

■■ We conclude that the common-law record in this case is not sufficient to show that the defendant, who was sentenced to imprisonment for the misdemeanor charge, was specifically advised of his right to counsel or that he knowingly and intelligently waived his right to be represented by counsel at his trial. (*Argersinger v. Hamlin* (1972), 407 U.S.

---

[1] We disagree with *People v. Hopping* (1973·), 16 Ill.App.3d 275, 276 (3d Dist. No. 72-297), cited by the State, which interprets *Bowers* as standing for the rule that the sufficiency of admonitions by the court may not be reviewed without either a verbatim report or a bystander's report of proceedings. *Cf. People v. Bailey* (1973), 12 Ill.App.3d 779.

25, 32 L.Ed.2d 530, 92 S.Ct. 2006.) See also *People v. Morrissey* (1972), 52 Ill.2d 418, 420-421, and *People v. Coleman* (1972), 52 Ill.2d 470, 471, holding that *Argersinger* is to be applied retroactively.

Were we to hold otherwise we would be required to give effect to the single statement in the common-law record: * * * "Deft. advised of his rights * * *", a conclusive effect in every case in which the defendant does not avail himself of other methods provided for supplying a record. We are not prepared to go that far, particularly in this case which was heard at a time when the rule of *Argersinger* was not known to be in effect and in all probability was not one of the "rights" of which defendant was advised as stated in the common-law record.

In this view we do not reach the remaining issues raised by the defendant.

The judgment therefore is reversed and remanded for further proceedings in accordance with this opinion.

Reversed and remanded.

GUILD and RECHENMACHER, JJ., concur.