THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LUTHER A. DURFLINGER, Defendant-Appellant.

Third District   No. 75-221

Opinion filed September 30, 1976.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Ronald E. Boyer, State's Attorney, of Watseka, for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

Defendant was charged by complaint with driving while intoxicated in violation of section 6—303 of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 6—303). On May 5, 1975, he appeared pro se and was convicted and sentenced upon his plea of guilty. Complaint is made on appeal that the record fails to show (a) that defendant knowingly waived his right to counsel before entering his plea, and (b) that any transcript was made as required by Supreme Court Rule 401 (c) (Ill. Rev. Stat. 1975, ch. 110A, par. 401(c)).

■■ Since the plea was entered prior to the effective date of Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)), we accept jurisdiction of this appeal. While Supreme Court Rule 401(c) (Ill. Rev. Stat. 1973, ch. 110A, par. 401(c)) requires, as defendant contends, that a verbatim transcript be made of proceedings wherein an accused is permitted to waive counsel, and Rule 402(e) (Ill. Rev. Stat. 1973, ch. 110A, par. 402(e)) requires the same verbatim record in respect to accepting pleas of guilty, the failure to make and supply such verbatim transcripts does not automatically require a reversal of the conviction. (*People v. Adams*, 28 Ill. App. 3d 717, 329 N.E.2d 294 (1st Dist. 1975).) Supreme Court Rule 612(c) (Ill. Rev. Stat. 1975, ch. 110A, par. 612(c)), provides that where no verbatim transcript is available, the procedures of Rule 323(c) (Ill. Rev. Stat. 1975, ch. 110A, par. 323(c)) must be followed.

■■ No attempt has been made by defendant to provide a bystander's report of proceedings to this court, and no claim is made that defendant did not in fact knowingly waive his right to counsel before entering his plea. Defendant also makes no contention that the court in fact neglected to comply with the requirements of Rule 401(a) or 402(a) through (d). The docket entries supplied as the only record on appeal recites full compliance with the requirements of these rules of admonition, and that "[d]efendant advises the Court that he understands his rights and desires to withdraw [his] plea of not guilty and enter a plea of guilty." No claim is made that defendant did not understand his right to counsel, and the docket recitals indicate otherwise. "It is not the policy of this court to reverse a judgment of conviction merely because error was committed unless it appears that real justice has been denied * * *." See *People v. Dudley*, 58 Ill. 2d 57, 61, 316 N.E.2d 773, 775 (1974).

The judgment of the circuit court is affirmed.

Affirmed.

ALLOY, P. J., and STENGEL, J., concur.