THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALBERT WILLIAMS, Defendant-Appellant.

Third District   No. 76-209

Opinion filed December 31, 1976.—Rehearing denied February 2, 1977.

846

William C. Starke, of Chicago, for appellant.

Ronald E. Boyer, State's Attorney, of Watseka, for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

After a bench trial defendant, Albert Williams, was found guilty of driving while under the influence of alcoholic liquor and unlawful use of weapons and was fined a total of $175 plus costs for both offenses. The issues presented by defendant's appeal are whether the record shows that defendant knowingly waived his right to counsel and whether the

evidence was sufficient to prove defendant's guilt beyond a reasonable doubt for each offense.

Defendant appeared *pro se* throughout the pretrial and trial proceedings, although he retained private counsel for post-trial proceedings and this appeal. On January 28, 1976, defendant appeared for arraignment with his son, James Williams, who had also been charged with offenses arising out of this occurrence. The only record of what took place at the arraignment is the docket entry, which reads as follows:

> "Defendants appear in person without counsel. Each defendant is given a copy of the complaint which is read and explained to them. Nature of the charge, minimum and maximum penalty provided therefor by statute, rights to trial by jury, trial by the Court, and representation by counsel at all stages of the prosecution are all explained to the defendants. Defendants advise the Court that they understand."

Defendant contends that this entry was insufficient to establish a valid waiver of his right to counsel. He cites Supreme Court Rule 401 (Ill. Rev. Stat. 1975, ch. 110A, par. 401), which provides a procedure for waiver of counsel in all cases punishable by imprisonment and also provides that a verbatim transcript shall be taken. We note that although the instant cases are punishable by imprisonment, defendant was only fined and did not receive a sentence of imprisonment.

■■ In *People v. Lee* (3d Dist. 1976), 39 Ill. App. 3d 750, 350 N.E.2d 580, this court noted that the transcript provision had not been transformed into a constitutional requirement, and that, although a waiver of such a fundamental right as the right to counsel will not be lightly found, either docket entries or a report of proceedings may be sufficient to show a valid waiver.

■■ Here, the docket entry for defendant's arraignment, which as part of the record is presumptively correct, shows that defendant was given the information required under Supreme Court Rule 401, and that defendant understood these admonitions. Defendant does not deny the correctness of the docket entry, and he does not contend that the admonitions given were inadequate or that he did not understand the admonitions or knowingly waive his right to counsel. Accordingly, we find no error. See *People v. Durflinger* (3d Dist. 1976), 42 Ill. App. 3d 174, 355 N.E.2d 360.

Defendant next contends that the evidence was insufficient to prove his guilt for driving while intoxicated, asserting that the evidence as a whole leaves a reasonable doubt that he drove the motor vehicle.

The evidence with respect to this offense was as follows: Trooper David Ward of the Illinois State Police responded to a report of a car sitting on the roadway of Interstate 57 in Iroquois County. When he

arrived, the automobile was partly on the center median. The engine was not running, while defendant was sitting in the driver's seat, defendant's son James Williams was sitting in the passenger seat, and Edward Dolleson was in the rear seat. Trooper Ward detected a strong odor of alcohol emanating from the inside of the vehicle and asked defendant to go to the squad car. Defendant stumbled getting out of his car, staggered, and had to be assisted to the squad car. Defendant's speech was slurred and incoherent. The trooper also detected a strong odor of alcohol from defendant and placed him under arrest for the instant offense.

Defendant testified that he was traveling from Chicago with the other two men and that he had not driven the car. The car had stalled on the interstate, and he was steering the vehicle while the other two men attempted to push it off the road. James Williams testified that defendant had not driven the car, and that Edward Dolleson had driven from Chicago to the point where the car stalled.

■■ In order to sustain a conviction for the instant offense, the State must prove that defendant was driving a motor vehicle on a public highway while intoxicated. Observation of defendant in the act of driving is not an indispensable prerequisite for a conviction provided that the act is established by other credible and substantial evidence, either direct or circumstantial. (*People v. Toler* (5th Dist. 1975), 32 Ill. App. 3d 793, 336 N.E.2d 270.) Where, as here, the State's evidence is all or largely circumstantial, it is sufficient if that evidence, together with reasonable inferences, excludes every reasonable hypothesis consistent with innocence. *People v. Mundorf* (2d Dist. 1968), 97 Ill. App. 2d 130, 239 N.E.2d 690.

■■ Although the State's evidence, which places defendant behind the wheel of an automobile in the middle of Interstate 57, is sufficient to prove beyond a reasonable doubt that defendant drove the vehicle to that location, defendant contends that his testimony and the testimony of James Williams that defendant had not driven the car and that Dolleson was the driver, leaves a reasonable doubt of his guilt.

In the instant case a reasonable doubt or reasonable hypothesis of innocence is not established merely because exonerating testimony appears in the record. Even though the evidence in the case at bar is entirely circumstantial, it is not such as to cause us to believe that there is a reasonable hypothesis consistent with defendant's innocence. The trial court found it difficult to believe the defendant's own conflicting story and that of his witnesses. Determination of the weight of the testimony and credibility of witnesses are for the trial court in the first instance, and the verdict will only be disturbed if the evidence is, nevertheless, so unsatisfactory as to leave a reasonable doubt of the accused's guilt. (See *People v. Johnson* (1st Dist. 1976), 40 Ill. App. 3d 982, 353 N.E.2d 130;

*People v. Mundorf* (2d Dist. 1968), 97 Ill. App. 2d 130, 239 N.E.2d 690.) In this case, the trial court made the following observation:

"And after listening to the testimony, I didn't know if you both got bad memories or both of you were so intoxicated, but in the course of your [defendant's] testimony, Mr. (Albert) Williams, you were in the back seat, the right front passenger seat, and behind the wheel. From listening to your testimony and listening to the testimony of the State's witnesses, I'll find you're guilty * * *."

■■ It is apparent that the trial court did not believe that the testimony offered on behalf of defendant or that a reasonable doubt of guilt existed. Upon review, we are not persuaded that this is an appropriate case to disturb the trial court's findings.

Defendant was also found guilty of a violation of section 24—1(a)(4) of the Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a)(4)) which prohibits carrying a firearm concealed in a vehicle or on the person. He contends that the evidence is insufficient to show that he was in possession of a weapon or that the weapon was concealed.

The evidence with respect to this offense was as follows: After Trooper Ward placed defendant in the squad car, a wrecker arrived, and the trooper walked to the wrecker. James Williams went over to the squad car and reached his left hand into the car where defendant was sitting. The trooper told James Williams to back away from the squad car and then proceeded to frisk Dolleson. James Williams again reached into the squad car, and the trooper placed him near the front of the vehicle and patted him down "quite thoroughly," finding a bottle of wine. The trooper then proceeded to recheck Dolleson, and James Williams again reached his left hand into the squad car, where defendant was sitting. When James Williams moved away from the car the trooper observed a revolver in his left hand.

Defendant testified that he had given the weapon to James Williams before departing from Chicago, and this testimony was corroborated by James Williams.

If the weapon is plainly visible, there has been no violation of the applicable statute. (*People v. Crachy* (1st Dist. 1971), 131 Ill. App. 2d 402, 268 N.E.2d 467.) While prior concealment of a weapon ordinarily may not be inferred merely by an individual's plain view possession of it (*People v. House* (1st Dist. 1975), 29 Ill. App. 3d 994, 331 N.E.2d 72), nevertheless, the facts and circumstances of the particular case may be sufficient to show that the defendant had been concealing the weapon from ordinary observation (*People v. Euctice* (1939), 371 Ill. 159, 20 N.E.2d 83).

■■ Here, the State's evidence showed that James Williams had been thoroughly frisked and was found to have only a wine bottle.

Immediately thereafter, James Williams reached his hand into the area where defendant was sitting and then pulled the hand away holding the weapon. We believe that this evidence establishes an inference that immediately prior to the brandishing of the weapon by James Williams, defendant had been concealing the weapon. Thus the evidence was sufficient to sustain the conviction.

Accordingly, the judgments of conviction of Iroquois County are affirmed.

Affirmed.

ALLOY, P. J., and BARRY, J., concur.