THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LARRY McCARTY, Defendant-Appellant.

Third District    No. 81-110

Opinion filed November 5, 1981.

HEIPLE, J., dissenting.

Robert Agostinelli and Peter A. Carusona, both of State Appellate Defender's
Office, of Ottawa, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

The defendant appeals from the order of the Circuit Court of Kankakee County, revoking his probation. The defendant had been convicted of armed robbery in 1970. In 1978, he pleaded guilty to a charge of felony theft. The information charged the defendant with having knowingly obtained unauthorized control over a car battery valued at less than $150, in violation of section 16—1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(a)). The information also charged that the defendant had been previously convicted of armed robbery and, therefore, that the defendant committed the crime of felony theft since he had a prior "type of theft" conviction. Ill. Rev. Stat. 1977, ch. 38, par. 16—1(e).

The trial court sentenced the defendant to 14 days in jail (credit given for time already spent in custody), a $300 fine, and 30 months probation. While on probation, the defendant committed the offense of attempted retail theft. He had placed a carton of cigarettes under his shirt and attempted to leave the premises of a store. At his trial for attempted retail theft, the defendant, without assistance of counsel, pleaded guilty to the charge. The court sentenced him to three days in jail (credit given for time served in custody) and fined him $50. Four days later, on October 20, 1980, the State filed a petition to revoke the defendant's probation. At the revocation hearing, the State proved the record of defendant's conviction for attempted retail theft. At a sentencing hearing on February 26, 1981, the court sentenced defendant to imprisonment for two years (no credit for time served on probation).

The first issue on appeal is whether the defendant was properly convicted of felony theft. The defendant contends that his 1970 conviction for armed robbery is not a conviction for a theft under section 16—1(e) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(e)). He argues that any "type of theft"—as used in that paragraph—must be defined exclusively in terms of sections 16—1, 16—2 or 16—3. He relies on legislative committee language which states that, aside from sections concerning theft of lost property or theft of services, "[a]ll other forms of theft are included in section 16—1." (Ill. Ann. Stat., ch. 38, art. 16, Committee Comments, at 18 (Smith-Hurd 1977).) Armed robbery, as the defendant points out, is codified in section 18—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 18—2). Therefore, concludes the defendant, armed robbery cannot be used to enhance the penalty for his conviction of theft of an item valued less than $150.

The inquiry into whether armed robbery is a type of theft, however, does not end with an examination of the statute itself. The essential elements of robbery are the deprivation of a person's property, in his presence, through force or intimidation. (*People v. Banks* (1979), 75 Ill. 2d 383, 389, 388 N.E.2d 1244, 1247.) The supreme court stated "[t]he essential difference between robbery and theft is the absence of use of force or intimidation in the latter." *People v. Patton* (1978), 60 Ill. App. 3d 456, 457, *aff'd* (1979), 76 Ill. 2d 45, 389 N.E.2d 1174.

■■ Robbery, therefore, is considered an aggravated form of theft. (*People v. Ferrara* (1969), 111 Ill. App. 2d 472, 479, 250 N.E.2d 530, *cert. denied* (1970), 398 U.S. 927, 26 L. Ed. 2d 89, 90 S. Ct. 1815.) *Banks* does not refute this proposition. That case held no more than that robbery is a general intent crime. Under the language of section 16—1, theft is also a general intent crime (excluding the crime of receiving stolen property). Moreover, even if theft was a specific intent crime, this court and the supreme court have focused on the elements of force or threats of force as the essential distinction from ordinary theft, not the element of intent to permanently deprive the owner of property. Therefore, the defendant was properly convicted of felony theft under section 16—1(e) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(e)).

■■■ Even if the defendant was correct on the merits of this issue, he has waived his right to appeal it before this court. He was convicted of theft under the enhancement-of-sentence provisions of the theft statute. The trial court imposed a sentence of 14 days in prison and 30 months probation. Imposition of probation following conviction of a criminal offense is a final order and appealable. (*People v. Nordstrom* (1967), 37 Ill. 2d 270, 226 N.E.2d 19; *People v. Lambert* (1974), 23 Ill. App. 3d 615, 618, 320 N.E.2d 395.) An irregularity in the original trial or in the form of conviction must be directly appealed when sentence is imposed, unless the issues are appropriate for a post-conviction proceeding. Raising such irregularities in an appeal from a probation revocation involves a collateral attack on the conviction and the probation sentence. 23 Ill. App. 3d 615, 618.

■■■ The defendant's argument that the court below had no jurisdiction, and, therefore, the issue is not waived, is similarly without merit. Jurisdiction over a criminal prosecution exists where a court has subject-matter jurisdiction and personal jurisdiction. (*People v. Farley* (1951), 408 Ill. 194, 195, 96 N.E.2d 452.) Here the defendant was before the court, a criminal offense was charged against him, and venue was properly laid. A mistake of criminal law, even if it existed, does not deprive the court of its jurisdiction over the prosecution.

A second and more important issue is whether the State may revoke probation on the basis of a subsequent uncounseled misdemeanor con-

viction. The defendant contends that the State may not use an uncounseled misdemeanor conviction as the basis for revocation of probation, and, also, even if such conviction can be used, the State must first show a waiver of the right to counsel. The State answers that the defendant waived his right to counsel, and that even if no waiver took place, the defendant was nevertheless convicted of a crime, in violation of probation rules. Furthermore, the State contends that such a conviction is a sufficient indication of violation of probation, regardless of presence of counsel.

In *Scott v. Illinois* (1979), 440 U.S. 367, 59 L. Ed. 2d 383, 99 S. Ct. 1158, the United States Supreme Court ruled that the sixth and fourteenth amendments to the Constitution "require * * * that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense." (440 U.S. 367, 373-74, 59 L. Ed. 2d 383, 389, 99 S. Ct. 1158, 1162.) The Supreme Court later extended that rule in *Baldasar v. Illinois* (1980), 446 U.S. 222, 64 L. Ed. 2d 169, 100 S. Ct. 1585. In a *per curiam* opinion, the court ruled that a prior uncounseled misdemeanor conviction could not be used to enhance the penalty imposed upon conviction of a subsequent offense.

■■ The State argues here that the defendant is not being imprisoned for an uncounseled misdemeanor conviction, but for a counseled felony-theft conviction. Although this is technically correct, in fact, the State seeks to revoke the defendant's probation solely on the basis of the record of the uncounseled misdemeanor conviction. In essence, the State seeks to increase the penalty imposed for the felony-theft conviction—30 months probation—to two years in prison, because the defendant was convicted of a misdemeanor in which trial he was unrepresented by an attorney. The fact that the uncounseled conviction occurred after the counseled conviction is not constitutionally significant under the sixth and fourteenth amendments. Here, as in *Baldasar*, the State seeks to increase a penalty because of a misdemeanor conviction which was obtained without the defendant having the assistance of counsel.

Moreover, the fact that the State could revoke probation through proof of antisocial activities is immaterial to whether the defendant has a right not to be sent to prison on the basis of an uncounseled misdemeanor conviction. Therefore, we conclude that the defendant is entitled to a new probation revocation hearing, unless he waived his right to counsel in the proceedings in the attempted retail misdemeanor theft proceedings. "The basic issue * * * is whether the record shows that the defendant understood that he had a right to be represented by counsel * * * and if so, whether he knowingly and intelligently waived that right." (*People v. Hessenauer* (1970), 45 Ill. 2d 63, 67, 256 N.E.2d 791.) Whether the record

demonstrates a valid waiver of the right to counsel is controlled by Supreme Court Rule 401. Both sides rely on the docket entry of July 30, 1980 (the date of the defendant's retail theft arraignment), to show the existence, or lack of, a waiver. That entry, in pertinent part, reads:

"Case called for arraignment. * * * Defendant appears personally in the custody of the Police Department of the City of Kankakee without counsel. Defendant given copy of the complaint. Same is read to him. Explanation of rights given, including right to counsel. Upon being duly arraigned, defendant pleads not guilty and waives jury."

A waiver of the right to counsel will not be lightly found. Under Supreme Court Rule 401, the record must demonstrate that the defendant understood his right to counsel. The docket entry here does not sufficiently demonstrate that the defendant understood this right to counsel, nor that he understood that conviction of attempted retail theft could lead to revocation of his probation (also required by Rule 401). In *People v. Williams* (1976), 44 Ill. App. 3d 845, 358 N.E.2d 1324, this court found a waiver of the right to counsel based on a similar docket entry. In that case, however, the entry contained the critical notation that the "[d]efendants advise the Court that they understand" the right to counsel. (44 Ill. App. 3d 845, 847, 358 N.E.2d 1324.) In *People v. Lyons* (1974), 19 Ill. App. 3d 294, 311 N.E.2d 370, the court found no sufficient waiver of the right to an attorney. In *Lyons*, the docket entry was very similar to that in the instant case. As here, that docket entry had no notation that would permit a reviewing court to conclude that the defendant understood his right to counsel and that he knowingly and intelligently waived that right.

The State also relies on the fact that the defendant announced he was "ready" for trial on October 16, 1980, and on the defendant's failure to retain counsel in the 2½ months between arraignment and trial. However, the fact that the defendant did not retain counsel for 2½ months is as much an indication that he was unable to afford a lawyer as it is a waiver of his right to one. Furthermore, announcing "ready" for trial—in which the defendant intends to plead guilty—cannot be construed as a knowing and intelligent waiver of sixth and fourteenth amendment rights.

It is true, as the dissent asserts, the United States Supreme Court has ruled that judges can be presumed to have properly performed their public duties. In this regard, they could be presumed to have given the defendant the required warnings and have determined whether he knowingly waived his right to counsel. (*Bute v. Illinois* (1948), 333 U.S. 640, 671-72, 92 L. Ed. 986, 1003, 68 S. Ct. 763, 779.) In *Moore v. Michigan* (1957), 355 U.S. 155, 2 L. Ed. 2d 167, 78 S. Ct. 191, the Supreme Court ruled that a criminal defendant can collaterally attack a conviction on the ground that he was denied his right to counsel. The court noted that the

defendant has the burden of showing, "by a preponderance of the evidence, that he did not intelligently and understandingly waive his right to counsel." (355 U.S. 155, 161-62, 2 L. Ed. 2d 167, 172, 78 S. Ct. 191, 195.) These cases have been limited and distinguished, however, in subsequent Supreme Court decisions.

In *Carnley v. Cochran* (1962), 369 U.S. 506, 8 L. Ed. 2d 70, 82 S. Ct. 884, the Supreme Court ruled that where the record has no showing that the defendant has made an *affirmative acquiescence* in his relinquishment of his right to counsel, the State may not place the burden of showing nonwaiver on him. The court noted that *Bute* did not involve waiver of right to counsel, but was decided on the ground that there was no protected right to counsel. *Moore* was distinguished because, in that case, the record affirmatively indicated that the defendant knowingly waived his right to counsel.

Therefore, when the record is devoid of any affirmative indication that the accused has waived his right to counsel, the burden is upon the State to demonstrate the knowing and intelligent waiver of that constitutional right. "A finding of waiver [of the right to counsel] *will not be made unless it appears from the record* that at each critical stage of the proceeding the trial judge specifically offered, and the accused knowingly and understandingly rejected, the representation of appointed counsel." (Emphasis added.) *People v. Hessenauer* (1970), 45 Ill. 2d 63, 68, 256 N.E.2d 791; *People v. Dismore* (1975), 33 Ill. App. 3d 495, 502, 342 N.E.2d 151; *People v. McMurray* (1977), 55 Ill. App. 3d 581, 582, 371 N.E.2d 46.

In the case at bar, the docket entry does not establish the affirmative acquiescence that the United States Supreme Court or our State supreme court requires for a finding of waiver of the right to counsel. The critical emphasis is upon the record of waiver, not upon any allegation of nonwaiver. Therefore, the defendant has been denied his right to counsel in his trial for attempted shoplifting. The State may not now use a conviction obtained in such a manner as a basis to revoke the defendant's probation. The judgment of the Circuit Court of Kankakee County is reversed and the cause remanded for proceedings consistent with this decision.

Reversed and remanded.

BARRY, J., concurs.

Mr. JUSTICE HEIPLE, dissenting:

I concur with the majority's analysis as to the alleged jurisdictional flaw, as well as the effect of defendant's prior 1970 armed robbery conviction in these probation revocation proceedings. I cannot agree with my

colleagues' position on the waiver of counsel issue. Since such resolution controls the outcome in this cause, I respectfully dissent.

For over 30 years the United States Supreme Court has adhered to the view that a trial judge, upon arraignment of a criminal defendant, is presumed to discharge his responsibility to advise the accused of his constitutional rights. (*Bute v. Illinois* (1948), 333 U.S. 640, 670-72, 92 L. Ed. 986, 1002-03, 68 S. Ct. 763, 779.) I think this conclusion applies with equal force to a trial judge's statutory obligations which are founded on such guarantees (Ill. Rev. Stat. 1979, ch. 110A, par. 401). Although this inference is subject to challenge, such an attack cannot be successful when its genesis is a silent record. Essentially, the majority holds it can.

The record reflects the defendant was, in fact, advised of his rights, "* * * including the right to counsel * * *." In short, the docket entry reflects the trial judge's actions were consistent with his constitutional and statutory responsibilities. Since the charge was only a misdemeanor, no statutory or constitutional requirements exist requiring such proceeding to be transcribed. *People v. Hopping* (1975), 60 Ill. 2d 246, *appeal dismissed* (1975), 423 U.S. 907, 46 L. Ed. 2d 136, 96 S. Ct. 209.

Moreover, nowhere in the record or the briefs does the defendant ever make an affirmative allegation that the trial judge failed to admonish him of his right to counsel. Lacking such, the inference that trial judges discharge their duties in constitutional fashion remains intact. And, when this factor is considered in light of the record evidence of the docket entry, such is sufficient to establish a waiver of the right to counsel.

Actually, the reversal here is gratuitous. The defendant has never alleged that his constitutional right to the assistance of counsel has been denied or infringed. He merely claims the record reflects that such might have occurred. The majority assumes he did not understand his rights because the record does not say he understood them. But such an argument is circuitous, since even if defendant did waive his right to counsel, the majority would still reverse. Because a distinction must be drawn between what actually transpired at the arraignment as the record reflects it, and the defendant's unverified, naked supposition, I dissent.