THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MICHAEL NIKONOWICZ, Defendant-Appellant.

Fifth District   No. 5—83—0589

Opinion filed September 4, 1984.

Randy E. Blue and Larry R. Wells, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Don W. Weber, State's Attorney, of Edwardsville (Kenneth R. Boyle, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE JONES delivered the opinion of the court:

At issue in this appeal is whether the trial court should have allowed the defendant's motion to withdraw his guilty plea where no verbatim transcript was kept of the plea proceeding and the defendant alleged an invalid waiver of counsel under Supreme Court Rule 401 (87 Ill. 2d R. 401).

On July 15, 1983, the defendant, Michael Nikonowicz, came before Judge Thomas Hildebrand on his first appearance. At that time the court accepted a guilty plea from the defendant to the charge of possessing less than 30 grams of cannabis (see Ill. Rev. Stat. 1983, ch. 56½, par. 704(c)). No verbatim transcript was kept of this proceeding. The only record of the proceeding was made with a rubber stamp on a common law record card, which read as follows:

"Defendant advised of his rights, the charge and penalty thereunder, copy of complaint read and given. Defendant waives jury trial and pleads guilty. Court finds defendant guilty and after hearing in aggravation and mitigation assesses a fine

of $1,000 and costs ***. Sentencing him to 6 months in the county jail. Mittimus to issue."

The date as well as the amount of the fine and costs and the length of the sentence were written in on the appropriate blanks. Underneath, in the judge's hand, was the postscript "Appeal rights given" and the judge's signature.

On August 9, 1983, the defendant filed a motion to withdraw his guilty plea under Rule 604(d) (87 Ill. 2d R. 604(d)) in which he alleged, *inter alia*, that the court had failed to address the defendant in open court and inform him of and determine that he understood the nature of the charge, the possible penalties that could be imposed, and his right to counsel, including the right to appointed counsel if he was indigent. The defendant also asserted that the common law record did not reflect a waiver of counsel by the defendant and that a verbatim transcript had not been taken and made a part of the common law record as required by Rule 401(b). In addition, the defendant alleged that the court had failed to give the admonitions required by Rule 402 (87 Ill. 2d R. 402) or make the necessary determinations in accepting the defendant's guilty plea.

At a hearing on this motion, the defendant presented the testimony of Martha Schumaker, a deputy clerk in the Madison County circuit clerk's office. She stated that no record had been made of the July 15 guilty plea proceeding other than the common law record and that nowhere in the common law record did it appear that the defendant had waived his right to counsel. On cross-examination, Mrs. Schumaker testified that the defendant had had two other traffic court cases that same day but that it did not appear that counsel had been appointed to represent the defendant in those cases. The common law record of the July 15 proceeding showed that the public defender had been appointed for the defendant on August 4, 1983.

The State presented no evidence, and, after arguments by counsel, the court commented as follows:

"THE COURT: I would advise you at this time, gentlemen, that [the] court has utilized that rubber stamp and, of course,—only to the recent flurry of motions which have been filed regarding said rubber stamp, there is going to be a new and completely different rubber stamp utilized in the future as soon as it can be produced. But I will advise counsel, for the record, Mr. Nikonowicz appeared in front of me July 15, 1983, in custody and I will take notes since it's my handwriting, since it was my case, and I was the judge. That—although that there is a rubber stamp and it doesn't reflect the waiver of counsel,

that Mr. Nikonowicz, when he was brought before me was advised of the charge. The charge was read to him, explained to him. And I said words to the effect that, 'Mr. Nikonowicz, you understand what you're here for today, and you're going to plead guilty or not guilty. If you plead guilty, the court will impose a penalty based on the nature of the offense and whether the prior record you have got [*sic*] taking into account your circumstances and the nature of this offense.' "

Upon objection by defense counsel, the court noted that he was "supplementing the record at this time" and continued:

"I further stated to Mr. Nikonowicz, 'That if you plead guilty as I said, the court will impose a penalty. If you plead not guilty, you will have a trial. If you have a trial, you will have a jury or a non-jury trial. If you have a jury trial, six to twelve people called jurors—you have your choice of six or twelve. You get to help choose them, listen to the evidence and determine your guilt or innocence determined on that evidence. If you have a non-jury—judge, me, most likely sitting without a jury will make that decision. And I said do you follow me so far and then I said no matter what kind of trial you have, you have certain rights. You have a right to confront and cross examine the witnesses. That means you can see who's testifying against you and ask them questions about what they say. You can also put on witnesses to tell your side of the story and testify if you want to, but you don't have to if you don't want to. The fact that you don't, can't be used against you because you're presumed innocent. The State must prove you guilty beyond a reasonable doubt. That's their job, not yours. You don't have to prove anything. I said you have a right to have an attorney with you at all stages in these proceedings and if you're charged with an offense that carries jail time, like this one, as a possible penalty and you can't afford one, counsel will be appointed to represent you from the public defender's office. And how much we pay for that representation, we take it up at a later time pursuant to state statute. If you plead guilty, you are giving [*sic*] your right to a trial, your right to a jury trial, your right to cross and confront witnesses, and your right to put on witnesses to tell your side of the story, and your right to testify. In other words, there's no trial if you plead guilty. I advised Mr. Nikonowicz of the penalties for the charge; asked him how he pled.' "

The court, noting that one of the arguments in the case was lack

of compliance with Rule 401, stated that "the problem \*\*\* was that this was not taped. Nobody asked for a bystander's report, and there was not a tape recording made." Subsequent to that time, he added, the court had commenced taping all appearances that might result in imprisonment in order to avoid such problems in the future. The court continued:

> "And as I said, I advised Mr. Nikonowicz of his rights regarding counsel and all of his other substantial applicable rights as far as the factual basis. I asked him what happened. He said something to the effect that he had been stopped—exact statement he made, I don't recall. I asked him is there anything he had to say for himself, and he said, 'No.' I had a copy of Mr. Nikonowicz's record, rap sheet, his arrest card from the Granite City Police Department \*\*\*. I asked Mr. Nikonowicz about his prior records [sic] which consist of four arrest cards, at least three prior convictions for possession of cannabis. And in light of his prior record, I imposed upon him a penalty which I thought was commensurate with the statutory factors including the nature and circumstances of the offense and his prior record \*\*\*."

The court concluded that "as far as the issue \*\*\* about supplementing the record by the court, I cannot help but take judicial notice of the proceedings when I was the judge in those proceedings." The court then asked the defendant if he had any quarrel with anything the court had said. The defendant replied in the affirmative but, upon advice of counsel, made no further response. Noting that "[there was] no indication that [the defendant] didn't understand what was going on in this case" and that it was the court's understanding from talking to the defendant that "[the defendant] knew full well what was going on," the court denied the defendant's motion to withdraw his guilty plea.

On appeal from this judgment the defendant contends that where, in his Rule 604(d) motion, he specifically alleged the failure to give the admonitions required under Rule 401 for waiver of counsel, it was error to deny this motion in the absence of a record of the guilty plea proceeding that showed that such admonitions had been given. He asserts in this regard that the common law record was insufficient to show a valid waiver of counsel at the guilty plea proceeding and that the court's attempt to supplement the record during the hearing on his motion to withdraw was improper and ineffective to provide an adequate record. It is the State's position, however, that this case is controlled by the supreme court's decision in *People v. Hopping*

(1975), 60 Ill. 2d 246, 326 N.E.2d 395, and that the trial court thus acted correctly in denying the defendant's motion to withdraw his guilty plea.

The court in *People v. Hopping* considered the contention, in three misdemeanor cases consolidated for appeal from the defendants' respective guilty plea proceedings, that the defendants' convictions should be set aside because the State had failed to provide verbatim transcripts of the plea proceedings and the record thus failed to show affirmatively that their guilty pleas had been accepted in compliance with Rules 401 and 402. At the time of the *Hopping* case, both Rule 401, dealing with waiver of counsel, and Rule 402, concerning admonitions to be given in guilty plea proceedings, provided that in felony cases, involving an offense punishable by imprisonment in the penitentiary, the relevant proceeding "[should] be taken verbatim, transcribed, filed, and made a part of the common-law record." (50 Ill. 2d Rules 401, 402.) (Rule 401 was later extended to all offenses involving imprisonment, thus making it applicable as well to misdemeanor offenses punishable by imprisonment in the county jail. See Ill. Ann. Stat., ch. 110A, par. 401, Committee Comments, at 509 (Smith-Hurd 1976).) The *Hopping* court held, however, that there was no constitutional requirement of a verbatim transcript in misdemeanor guilty plea proceedings, as alternative means were available to provide a "record of sufficient completeness to permit proper consideration of the specific claims [made on appeal]" (60 Ill. 2d 246, 251-52, 326 N.E.2d 395, 398) as required by the Constitution. The court noted that none of the defendants in *Hopping* had made specific claims of error in their plea proceedings but had sought reversal solely because their pleas had not been recorded in a particular manner. Since the *Hopping* defendants had failed to pursue alternative means of providing a record on appeal under Rule 323 (87 Ill. 2d R. 323) and since the defendants there had appealed directly from entry of their guilty pleas rather than seeking to have their pleas set aside in the trial court so that any deficiency could be corrected at once, the *Hopping* court found no merit in their effort to have their convictions reversed for lack of a verbatim transcript of the plea proceedings.

Notwithstanding the similarity of issue between *Hopping* and the instant case, that decision is distinguishable on several grounds and so is not controlling of the result here. First, the *Hopping* decision was premised on the argument that Rules 401 and 402 stated a constitutional requirement of a verbatim transcript in felony cases that was applicable to misdemeanor plea proceedings on equal protection and due process grounds. At the time of the instant case, however, Rule

401 had been extended to require such a transcript for waiver of counsel in misdemeanor as well as felony cases. Thus, while, under *Hopping*, a verbatim transcript of the proceeding here was not *per se* constitutionally required, the failure to provide such a transcript of the defendant's waiver of counsel nevertheless constituted a violation of the currently existing Rule 401.

As a further distinction we note that at the time of the *Hopping* case, Rule 604(d), requiring a defendant who wished to appeal from entry of a guilty plea to first file a motion to withdraw his plea in the trial court, had not yet been adopted. The *Hopping* court's objection, then, that the defendants there had appealed directly from entry of their guilty pleas without seeking to have the alleged deficiencies in their plea proceedings remedied in the trial court, is not applicable in the instant case. Rather, the defendant here has followed the procedure envisioned by the *Hopping* court, and mandated by Rule 604(d), of filing a motion to withdraw in the trial court so that any defects in the plea proceeding could be remedied at once. Under this procedure, the record and report of proceedings of the defendant's guilty plea were to have been examined prior to hearing on the motion to withdraw "to ensure an informed hearing on the motion and adequate advocacy of [the] defendant's rights." (*People v. Sorensen* (1977), 49 Ill. App. 3d 984, 986-87, 365 N.E.2d 171, 173.) Because of this change in procedure represented by Rule 604(d), the instant case arises in a different context than in *Hopping* and can be distinguished from *Hopping* on that basis.

Finally, while the defendants in *Hopping* sought reversal on the ground that the records made of their plea proceedings were insufficient to show compliance with Rules 401 and 402, the defendant here has specifically alleged that the trial court failed to advise him of and determine that he understood his right to counsel as required under Rule 401. In *Hopping*, the court held that, where the defendants had failed to pursue alternative means of providing appeal records showing noncompliance with Rules 401 and 402, the defendants were bound by the limited common law records available, which, in fact, reflected that they had been properly admonished of their rights. In the instant case, however, the common law record of the defendant's plea proceeding contained no mention that the defendant either had been advised of or had waived his right to counsel at that proceeding. (*Cf. People v. Hopping* (1975), 60 Ill. 2d 246, 326 N.E.2d 295 (common law record stated that defendant Hopping had been advised of his right to counsel; common law record stated that defendant Young had been advised of his rights and had waived counsel).) In the absence of an

additional record or report of proceedings, the record here, unlike in *Hopping*, was insufficient to show a valid waiver of counsel under Rule 401.

The case at bar is more similar to *People v. McCarty* (1981), 101 Ill. App. 3d 355, 427 N.E.2d 1382, *modified* (1983), 94 Ill. 2d 28, 445 N.E.2d 298, and *People v. Lyons* (1974), 19 Ill. App. 3d 294, 311 N.E.2d 370, in which it was held that the limited docket entries in question failed to demonstrate a knowing and intelligent waiver of counsel. In *Lyons*, as here, the record stated merely that the defendant had been "advised of his rights," a statement which the court declined to interpret as showing that the defendant had understood and knowingly waived his right to counsel. In *McCarty*, although the docket entry stated that the defendant's right to counsel had been explained to him, the court held that this was insufficient to show that the defendant had understood this right for purposes of waiver under Rule 401. The court noted that while trial judges are generally presumed to have performed their duties properly in admonishing defendants of their rights, when a record lacks any affirmative indication that a defendant has waived his right to counsel, the State has the burden of demonstrating a knowing and intelligent waiver of that right.

■ Similarly, in the instant case, the rubber stamp used to record the defendant's guilty plea failed to state that the defendant had been advised of or had knowingly waived his right to counsel and so fell far short of the requirements for demonstrating a valid waiver of counsel under Rule 401. Moreover, while the State on appeal makes much of the defendant's failure to utilize the alternative methods discussed in *Hopping* for supplying a report of the defendant's plea in the absence of a verbatim transcript, the burden of providing such a record here properly rested with the State. (*People v. McCarty* (1981), 101 Ill. App. 3d 355, 427 N.E.2d 1382.) Unlike in *Hopping*, where the court seemingly imposed this burden on the defendants (see *Illinois Supreme Court Review: Transcripts of Guilty Pleas in Misdemeanor Cases*, 1976 U. Ill. L. F. 282, 289-91 (hereinafter *Transcripts of Guilty Pleas*)), the defendant here has specifically alleged that he was not advised regarding his right to counsel, and the limited record available contains no affirmative indication to the contrary. As stated by the *McCarty* court, the supreme court has ruled "that where the record [of a waiver of counsel] has no showing that the defendant has made an *affirmative acquiescence* in his relinquishment of his right to counsel, the State may not place the burden of showing nonwaiver on him." (101 Ill. App. 3d 355, 360, 427 N.E.2d 1382, 1386.) We there-

fore find no merit in the State's contention that the defendant is precluded from asserting his claim on appeal for failure to provide an alternative record of his plea proceeding.

While the trial court here attempted to supplement the record during hearing on the defendant's motion to withdraw, this effort was likewise ineffective to show that the defendant's plea had been entered in compliance with Rules 401 and 402. It is evident that the court's reconstruction of the plea proceeding neither comported with the procedure for compiling a bystander's report under Rule 323 nor constituted a proper subject for judicial notice. Although a court may take judicial notice of "readily verifiable facts which are capable of 'instant and unquestionable determination'" (*In re Abdullah* (1981), 85 Ill. 2d 300, 308, 423 N.E.2d 915, 918), there could be no such verification of the pertinent facts here where no record had been made of the defendant's plea and purported waiver of counsel. Moreover, while the compilation of a substitute report of proceedings under Rule 323 necessarily involves recollection, the court's recollection of the plea proceeding could hardly suffice as such a report where it was rendered without participation by the parties and was disputed by the defendant. (See 87 Ill. 2d Rules 323(c), 323(d).) Without maligning either the court's memory or integrity, we note that particularly in this proceeding involving admonishments under Rules 401 and 402, the court may have remembered the litany without specific recollection. "[F]ew judges are eager to admit that they failed to comply with proper procedures, [and] a judge's [subsequent] memory of events at [a] hearing may be subconsciously modified to fit what should have occurred instead of what did occur." (*Transcripts of Guilty Pleas* 292.) The trial court's remarks, then, concerning his recollection of the defendant's plea cannot be given effect as a record of the defendant's waiver of counsel. Further, despite some indication that the court here may have made notes to himself of the proceeding, these notes are not part of the record and cannot be considered by us.

Since the common law record of the defendant's plea was insufficient to show a valid waiver of counsel by the defendant, the order denying defendant's motion to withdraw his plea of guilty must be reversed and remanded for further proceedings. In view of this result, we likewise refer to the trial court the State's motion to revoke bond, which was taken with the case on appeal.

Reversed and remanded.

HARRISON and KARNS, JJ., concur.