THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MALCOLM N. HARPOLE, Defendant-Appellant.

Fifth District   No. 5—84—0522

Opinion filed July 3, 1985.

80

JONES, P.J., dissenting.

Herbert J. Lantz, Jr., of Sparta, for appellant.

Randall J. Rodewold, State's Attorney, of Chester (Kenneth R. Boyle, Stephen E. Norris, and Francis M. Howard, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

The issue in this appeal is whether the trial court should have allowed the defendant's motion to withdraw his guilty plea where no verbatim transcript was kept of the plea proceedings and the defendant alleged he did not waive his right to counsel and his right to a trial by jury.

On May 21, 1984, defendant, Malcolm N. Harpole, was convicted of the offenses of driving under the influence of intoxicating liquor and improper lane usage following his pleas of guilty. The trial court found defendant guilty of the charges and imposed a $260 fine plus $111 costs for the first charge and a $26 fine plus $25 costs on the second. A court reporter was not present during the plea and sentencing proceedings, nor was defendant represented by counsel.

On June 20, 1984, defendant, represented by counsel, filed a motion to vacate his guilty pleas. Defendant alleged that his pleas were not knowingly and voluntarily entered because he did not waive his rights to counsel and a jury trial and that he was not guilty of the charges. He also contended that in violation of Supreme Court Rule 401(b) (87 Ill. 2d R. 401(b)) a court reporter was not present during the proceedings.

On July 11, 1984, the trial court conducted a hearing on defend-

ant's motion to vacate the pleas. At the hearing, the defendant testified he was 73 years old and that at the time of his pleas he was not represented by counsel. He stated that at the time he appeared before the bench, five or six other defendants simultaneously appeared in unrelated matters. He denied being advised by the trial court that he had a right to counsel and a trial by jury. Defendant testified that a court reporter was not present during the proceedings. He stated that he insisted on his innocence at the time of the pleas. Defendant further testified that he informed the trial court that at the time of his arrest he had diabetes, high blood pressure, asthma, gout and a bleeding condition for which he took "four or five pills every day."

During a colloquy between the defendant and the court, defendant stated he did not commit the offenses and had so advised the court at the time of the pleas and sentencing. In response, the court stated it was possible defendant was before him with four or five other defendants but that he had advised defendant of his right to counsel, and a jury trial. The court stated that it recalled the incident "vividly because I probably had a more extended conversation with Mr. Harpole than I've had with any other defendant that's been charged with D.U.I. in the recent past." The court said the defendant had indicated "he did not feel that he was guilty," but that notwithstanding, he wanted to plead guilty.

At the conclusion of the hearing, the court stated that Supreme Court Rule 401 did not require that a transcript be furnished because the rule referred to offenses punishable by imprisonment, and since defendant was placed on "conditional discharge of [sic] probation," the rule did not apply. The court further stated that defendant had been adequately advised of his rights and that he waived his rights knowingly and voluntarily. The court therefore denied defendant's motion to vacate the pleas.

■ As indicated above, the issue we face is whether the trial court should have allowed defendant's motion to vacate his pleas of guilty where no verbatim transcript was kept of the plea proceedings and defendant alleged he was not advised as to his right to counsel and his right to a jury trial.

Supreme Court Rule 401 (87 Ill. 2d R. 401) provides:

"(a) Waiver of Counsel. Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understand the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and

(3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court.

(b) Transcript Required. The proceedings required by this rule to be in open court shall be taken verbatim, transcribed, filed and made a part of the common law record."

The purpose of Rule 401 is to provide a procedure which will remove any doubt that a defendant understands the nature and consequences of what he is charged with before a court accepts his waiver of the right to counsel and to preclude a defendant from waiving assistance of counsel without full knowledge and understanding. *People v. Derra* (1981), 92 Ill. App. 3d 1106, 1109, 416 N.E.2d 688, 690.

Section 113—3(b) of the Code of Criminal Procedure of 1963 provides, *inter alia,* that in all cases, except "where the penalty is a fine only," if the court determines that the defendant is indigent and desires counsel, the public defender shall be appointed as counsel. Ill. Rev. Stat. 1983, ch. 38, par. 113—3(b).

Our supreme court held in *People v. Scott* (1977), 68 Ill. 2d 269, 273-74, 369 N.E.2d 881, 883, *aff'd* (1979), 440 U.S. 367, 59 L. Ed. 2d 383, 99 S. Ct. 1158:

" 'Penalty' as used in this section [Ill. Rev. Stat. 1971, ch. 38, par. 113—3(b)] refers to the punishment imposed against the defendant by the court upon conviction. Where the court imposes a penalty of a fine only, a defendant is not statutorily entitled to appointed counsel.

\* \* \*

Since the defendant was penalized only by fine, he was neither constitutionally nor statutorily entitled to have counsel present. The court was, therefore, under no obligation to obtain a waiver before proceeding to trial without counsel and, hence, was under no obligation to advise the defendant of his right to counsel."

Consistently, the United States Supreme Court, viewing the issue in *Scott* to be whether the opinion in *Argersinger v. Hamlin* (1972), 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006, was "a point in a moving line" or a holding that the States are required to go only so far in furnishing counsel to indigent defendants, concluded that the latter view was the correct one. *Scott v. Illinois* (1979), 440 U.S. 367, 373-

74, 59 L. Ed. 2d 383, 389, 99 S. Ct. 1158, 1162.

This court, in *People v. Morgese* (1981), 94 Ill. App. 3d 638, 418 N.E.2d 1124, further explaining our supreme court's conclusion in *People v. Scott,* stated that since the reference in section 113—3(b) to "where the penalty is a fine only" referred to the actual punishment imposed, the reference in Rule 401(a) to an "offense punishable by imprisonment" must also refer to an offense in which imprisonment is actually imposed:

> "To read Rule 401(a) to mean that the admonition of right to counsel must be given prior to waiver of counsel in any criminal prosecution for which imprisonment may be an authorized sentence upon conviction would lead to absurd results. If that were the case, the trial court would be required to advise an accused of his right to counsel prior to a waiver where the offense involved *could* result in imprisonment upon conviction, even though under *Scott,* the defendant would not have a right to counsel unless he were actually sentenced to imprisonment." 94 Ill. App. 3d 638, 645, 418 N.E.2d 1124, 1129-30.

■ Our reliance on *Morgese* and *Scott* is, we recognize, open to the criticism that neither concerns the applicability of the transcript requirement of Rule 401(b) which is in question in the case at bar. However, since section (b) of Rule 401 merely requires a verbatim transcript of the proceedings required in section (a), we see its extent as necessarily limited by that of section (a). The obvious purpose of Rule 401(b) is to ensure the preparation of a transcript of the proceedings in which counsel was purportedly waived so that, should the accused later contend that his or her purported waiver was ineffective, the record shall be sufficient to permit disposition of that contention on the merits. Since under *Scott* and *Morgese* the trial court in the case at bar was not required to secure a waiver of counsel from defendant in open court, it follows that the end to which Rule 401(b) is but a means does not exist, and the recording provisions of Rule 401(b) are inapplicable.

■ Defendant argues that "the possibility of substantial collateral consequences" should prevent this court from distinguishing this case, where a fine only was imposed, from cases in which imprisonment is imposed. However, the United States Supreme Court has expressly determined that actual imprisonment is the line defining the constitutional right to appointment of counsel, stating that "we believe that the central premise of *Argersinger*—that actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment—is eminently sound and warrants adoption of actual imprison-

ment as the line defining the constitutional right to appointment of counsel. ***." (*Scott v. Illinois* (1979), 440 U.S. 367, 373, 59 L. Ed. 2d 383, 389, 99 S. Ct. 1158, 1162.) It follows from our analysis above that the applicability of Rule 401 extends no further than the constitutional right to appointment of counsel, which right does not extend to cases where only a fine is imposed.

We conclude that this cause, in which only a fine was imposed, need not be reversed for failure to comply with the taking and transcribing requirements of Rule 401(b) applicable to proceedings concerning waiver of counsel. For the foregoing reasons, the judgment of the circuit court of Randolph County is affirmed.

Affirmed.

HARRISON, J., concurs.

PRESIDING JUSTICE JONES, dissenting:

I respectfully dissent.

The decision of the majority is contrary to the plain wording of Supreme Court Rule 401(b) (87 Ill. 2d R. 401(b)) and three decisions of the appellate court that apply that rule: *People v. Lyons* (1974), 19 Ill. App. 3d 294, 311 N.E.2d 370; *People v. McCarty* (1981), 101 Ill. App. 3d 355, 427 N.E.2d 1382, *modified* (1983), 94 Ill. 2d 28, 445 N.E.2d 298; *People v. Nikonowicz* (1984), 127 Ill. App. 3d 738, 469 N.E.2d 625.

The majority concluded that Rule 401(b) does not require a verbatim report of waiver of counsel proceedings by relying upon *People v. Scott* and *People v. Morgese,* cases that they admit deal with Rule 401(a), not 401(b).

It is to be noted that *People v. Scott* and *People v. Morgese* were cases in which a verbatim report of proceedings was available to the court so the review of those cases was had with a record of what had transpired in the trial court. Under the view adopted by the majority, when punished by a fine only a defendant will never be able to point back to any facet of his understanding, or lack thereof, of the nature of his right to counsel, the consequences that might flow from lack of counsel or of his need for counsel to represent him. Yet, to many defendants the consequences of punishment by a fine only may run far beyond that entailed in the obligation to pay the fine. What of a defendant on probation or parole at the time he is "fined"? What of the defendant who loses his employment because he suffers a conviction and is "merely fined"? Many are the serious consequences that

may flow from the imposition of a fine, so a verbatim report of a waiver of counsel can assume great importance, as the supreme court recognized when it adopted Rule 401(b). The case of *People v. McCarty* serves as a good illustration. In that case the State sought to revoke the probation of a defendant on the basis of his conviction of a misdemeanor where he was not represented by counsel. The court held that probation could not be revoked in such a circumstance, stating

"That the defendant is entitled to a new probation revocation hearing, unless he waived his right to counsel in the proceedings in the attempted retail misdemeanor theft proceedings. 'The basic issue *** is whether the record shows that the defendant understood that he had a right to be represented by counsel *** and if so, whether he knowingly and intelligently waived that right.' (*People v. Hessenauer* (1970), 45 Ill. 2d 63, 67, 256 N.E.2d 791.)" *People v. McCarty* (1981), 101 Ill. App. 3d 355, 358, 427 N.E.2d 1382, 1385.

Rule 401(b) has a purpose and a function that operate independently of Rule 401(a). This is illustrated by the *McCarty* case and also by *Baldasar v. Illinois* (1980), 446 U.S. 222, 64 L. Ed. 2d 169, 100 S. Ct. 1585, where the Supreme Court held that a prior uncounseled misdemeanor conviction could not be used to enhance the penalty imposed upon conviction of a subsequent offense.