THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARCUS A. MONTGOMERY, Defendant-Appellant.

Second District No. 3—97—0300

Opinion filed September 18, 1998.

Robert J. Agostinelli and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

Timothy J. McCann, State's Attorney, of Yorkville (Martin P. Moltz and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

Following a jury trial, defendant, Marcus A. Montgomery, was convicted of unlawful consumption of alcoholic liquor by a person under 21 years of age (235 ILCS 5/6—20 (West 1996)). Defendant, who was 20 years of age at the time of the offense, was sentenced to 30 days' imprisonment plus fines and costs. The sole issue on appeal is whether a bystander's report of the trial court's admonition given to defendant regarding his waiver of counsel complies with the requirements of Supreme Court Rule 401(b) (134 Ill. 2d R. 401(b)).

The record reflects that on December 29, 1996, defendant was charged with the unlawful consumption of alcoholic liquor by a minor and a court date was set for January 7, 1997. Defendant appeared *pro se* on that date, and the court directed defendant to return on February 18 with an attorney. On February 18, defendant again appeared *pro se* and the cause was continued, the court again directing defendant to retain counsel. On February 25, defendant appeared *pro se* and another continuance order was issued for a March 7 jury trial. On March 7, defendant appeared *pro se*. The trial court asked defendant if he had or was getting a lawyer, and defendant responded that he was not. The trial court asked defendant if he understood that he would be bound by the same rules and regulations as if he were a lawyer, and he replied that he understood. The trial court reminded defendant to return on March 10 and to bring his witnesses with him. The trial court then referred to defendant's "lack of instruction in the law" and stated that it did not expect defendant to provide jury instructions to the court but that the State would be responsible for the instructions. On March 10, defendant appeared *pro se* and the trial court ordered another continuance.

The trial began on March 12, 1997. The record contains an agreed statement of facts regarding the witnesses' testimony at trial, the substance of which is irrelevant to the disposition of this appeal. Defendant signed a "plea of not guilty." The document provides only that defendant waives his right to an attorney, pleads not guilty to the charge, and demands a trial by jury.

On appeal, defendant argues that the record does not show that he was admonished regarding his waiver of counsel because there was no verbatim transcript of the trial court's proceedings as required by Rule 401(b). In response to this argument, the State filed a motion requesting that the appeal be held in abeyance pending receipt of a bystander's report. The State contends that the bystander's report establishes that the trial court gave defendant the requisite admonitions. The State also notes that the admonitions were not transcribed because the only court reporter assigned to the county was engaged in reporting a felony trial. The State asserts that an otherwise valid conviction should not be reversed for lack of funding and staffing.

The State filed a motion to file the bystander's report as a supplement to the record in compliance with Supreme Court Rule 323(c) (166 Ill. 2d R. 323(c)). We allow the bystander's report as a supplement to the record over defendant's objections. The report indicates that the trial court gave defendant the admonitions in accordance with Rule 401(a).

■ Rule 401(a) sets forth the information that the trial court must give to a defendant before the trial court accepts an accused's waiver of counsel. *People v. Baker*, 94 Ill. 2d 129, 137 (1983). The Rule 401(a) admonitions must be given by the trial court before a defendant may be found to have knowingly and voluntarily waived his counsel. The admonitions given by the trial court need only substantially comply with the requirements of Rule 401(a) in order to obtain a valid waiver of counsel if the record indicates that the waiver was made knowingly and voluntarily and the admonitions the defendant received did not prejudice his rights. *People v. Haynes*, 174 Ill. 2d 204, 236 (1996).

Rule 401(b) provides that "[t]he proceedings required by this rule to be in open court shall be taken verbatim, and upon order of the trial court transcribed, filed and made a part of the common law record." 134 Ill. 2d R. 401(b). Rule 323(c) provides for the preparation of a proposed report of proceedings by the appellant in the event that no verbatim transcript of the proceedings is available. It further provides that a party may request from the trial court any audiotape, videotape, or other recording of the proceedings to be transcribed for use in the preparation of a bystander's report. 166 Ill. 2d R. 323(c).

Thus, the issue we confront is whether the bystander's report that is completed pursuant to Rule 323(c) satisfies the requirements of Rule 401(b). We hold that it does not.

■ The rules for statutory construction apply to supreme court rules. *People v. Munetsi*, 283 Ill. App. 3d 326, 335 (1996). The principal rule of statutory construction is to ascertain and give effect to the true intent of the governing body that adopted the enactment. *Munetsi*,

283 Ill. App. 3d at 335. That intent is determined first from the language of the enactment. Where the language is clear, it will be given effect without resort to other aids of construction. *Munetsi*, 283 Ill. App. 3d at 335.

■ It has long been established that an accused in a criminal proceeding has the constitutionally guaranteed right to proceed without counsel. *Haynes*, 174 Ill. 2d at 235. The supreme court has declared that the right of self-representation is as basic and fundamental as the right to be represented by counsel. *People v. Nelson*, 47 Ill. 2d 570, 574 (1971). As such, an accused may waive the right to counsel as long as the waiver is voluntary, knowing, and intelligent. *Haynes*, 174 Ill. 2d at 235.

■ ■ The language of Rule 401(b) is clear and unambiguous: it mandates that, when the defendant waives the right to counsel, the proceedings must be recorded verbatim. The requirement of verbatim transcription is for the benefit of the defendant as well as the trial court because it creates a record that the defendant's waiver was made knowingly and voluntarily, allows the trial court to consider any alleged errors, and allows the appellate court to consider the record of the hearing on review. See *People v. Wilk*, 124 Ill. 2d 93, 106 (1988). In light of the clear and unambiguous language of Rule 401(b) requiring the verbatim recording of the hearing on defendant's decision to waive the assistance of counsel, we hold that the bystander's report submitted by the State does not satisfy the requirements of Rule 401(b).

In *People v. Robertson*, 181 Ill. App. 3d 760 (1989), the common-law record did not contain the trial court's admonitions regarding defendant's waiver of counsel. The court held that the trial court was required to comply strictly with the verbatim mandates of Rule 401(b). *Robertson*, 181 Ill. App. 3d at 763. The court reasoned that, without a verbatim record of the waiver of counsel, there is no method of determining whether defendant knowingly and intelligently waived counsel. See also *People v. Nikonowicz*, 127 Ill. App. 3d 738 (1984); *People v. McCarty*, 101 Ill. App. 3d 355 (1981), *aff'd in part & rev'd in part*, 94 Ill. 2d 28 (1983); *People v. Lyons*, 19 Ill. App. 3d 294 (1974); *cf. People v. Hopping*, 60 Ill. 2d 246 (1975) (misdemeanor offenses excused from strict compliance under previous version of Rule 401).

Additionally, we are compelled to comply strictly with Rule 401(b) as a result of the constitutional requirements for all offenses punishable by imprisonment. The critical emphasis is upon the record of a waiver hearing, not upon any allegations of nonwaiver. Moreover, where the record fails to show that the defendant voluntarily and knowingly waived his right to counsel, the State may not place the burden of showing nonwaiver on him. *People v. McCarty*, 101 Ill. App.

3d 355 at 360. Under the circumstances, the burden of providing a verbatim transcript properly rested with the State. *People v. Nikonowicz*, 127 Ill. App. 3d at 745.

Furthermore, our holding does not conflict with Rule 323(c). Rule 401(b) clearly provides that the proceedings must be taken verbatim during the time when the admonitions were given. Rule 323(c) accommodates the verbatim requirement of Rule 401(b) by allowing the parties to use an audiotape or videotape of the proceedings. Additionally, the use of an audiotape or videotape of the proceedings provides an easy and effective way to preserve the admonitions when a county, such as Kendall, lacks sufficient funds or staffing.

We conclude that Rule 401(b) requires that a verbatim record of the waiver proceedings be made. The State has failed to present such a transcript. Accordingly, because there is no verbatim record of whether defendant knowingly and voluntarily waived his right to counsel for us to review, we must reverse the judgment of the trial court of Kendall County and remand the cause for a new trial.

Reversed and remanded.

THOMAS and RATHJE, JJ., concur.