THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JESSE EARL LASKOWSKI, Defendant-Appellant.

Fourth District   No. 4—96—0677

Opinion filed April 4, 1997.—Rehearing denied May 19, 1997.

William A. Yoder, of John W. Yoder Law Firm, of Bloomington, for appellant.

William G. Workman, State's Attorney, of Lincoln (Norbert J. Goetten, Robert J. Biderman, and Solveig L. Wolf, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Following a bench trial in the circuit court of Logan County, defendant Jesse Earl Laskowski was found guilty of driving while under the influence of alcohol (DUI), which the trial court found to be enhanced to aggravated driving under the influence of alcohol. 625 ILCS 5/11—501(d)(1)(A) (West 1994). Defendant was sentenced to 30 months' probation and 60 consecutive Sundays of periodic imprisonment. As part of his sentence, he was ordered to pay a $1,000 fine plus $295 court costs, and refrain from the use of drugs or alcohol during probation, undergo alcohol counseling, and follow the counselor's recommendations. On appeal, defendant argues his sentence should be reversed because the State failed to prove by competent evidence the prior convictions used to enhance his sentence in this case. We affirm.

■ DUI is enhanced to aggravated DUI when the defendant commits DUI, or violates a substantially similar provision, for the third or subsequent time. 625 ILCS 5/11—501(d)(1)(A) (West 1994). The statute does not provide a time limit for the use of prior commissions. The information in this case charged defendant with

> "the offense of **Aggravated Driving Under the Influence of Alcohol**, a Class 4 Felony in Violation of Section 5/11—501(d)(1), Chapter 625, Illinois Compiled Statutes, in that the said defendant drove a motor vehicle while under the influence of alcohol, said defendant having previously committed violations of 625 ILCS 5/11—501(a) in McLean County in 1968, in Tazewell County in 1969, and in McLean County in 1971."

It placed defendant on notice of the State's intention to seek an enhanced sentence. Aggravated DUI is a Class 4 felony. 625 ILCS 5/11—501(d)(2) (West 1994). Generally, DUI is a Class A misdemeanor. 625 ILCS 5/11—501(c) (West 1994).

Section 11—501(d)(1) of the Illinois Vehicle Code involves the increase in the classification of an offense to seek an enhanced sentence, thus requiring compliance with section 111—3(c) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/111—3(c) (West 1994)). *People v. Sheehan*, 168 Ill. 2d 298, 303-04, 659 N.E.2d 1339, 1341-42 (1995). Under section 111—3(c) of the Code, evidence of the prior commission of two or more DUIs need not be proved by the State as an element of the offense of aggravated DUI. 725 ILCS 5/111—3(c) (West 1994). See *People v. Bowman*, 221 Ill. App. 3d 663, 666, 583 N.E.2d 114, 116 (1991).

At the sentencing hearing in this case, the trial court considered the presentence investigation report, which referred to the following prior convictions for driving while intoxicated (DWI) under predecessor statutes:

| Case No. | Date of Offense | Date of Disposition | Disposition |
|---|---|---|---|
| McLean County case No. 68—5768 | 8/13/68 | Unavailable | $100 fine, plus costs |
| McLean County case No. 68—8207 | 10/31/68 | Unavailable | 7 days in jail, plus costs |
| Tazewell County case No. 69—TR—4681 | 6/20/69 | 7/18/69 | 7 days in jail, "amended" July 31, 1969 to 12 days in jail |
| McLean County case No. 71—0406 | 1/18/71 | Unavailable | 31 days in jail, $250 fine, plus costs |

At the time of these prior convictions, DWI was a misdemeanor. See, *e.g.*, Ill. Rev. Stat. 1967, ch. 95$^{1}$/$_{2}$, par. 144(c); Ill. Rev. Stat. 1967, ch.

95¹/₂, par. 144(i); Ill. Rev. Stat. 1967, ch. 38, par. 2—11; Ill. Rev. Stat. 1967, ch. 38, par. 2—7.

Defendant objected to the consideration of these prior offenses listed in the presentence report and to the form of the State's exhibits offered to establish the prior commission of these offenses. People's exhibit No. 1 included the certificate of Pam Gardner, clerk of the circuit court of Tazewell County, indicating that, in Tazewell County case No. 69—TR—4681, involving "DWI," defendant was sentenced to 30 days in jail on July 18, 1969, but that order was set aside, and on July 31, 1969, he was sentenced to 12 days in jail. Gardner's affidavit indicated the official records of this traffic case were destroyed, without copies being retained, pursuant to permission from the Administrative Office of the Illinois Courts, in accordance with the Uniform Manual on Recordkeeping adopted by the Supreme Court of Illinois. Administrative Office of the Illinois Courts, Manual on Recordkeeping, § 4000 *et seq.*, at 70 (1972).

Similarly, in People's exhibit No. 2, Sandra K. Parker, clerk of the circuit court of McLean County, advised she was unable to produce copies of the defendant's McLean County convictions. However, she did certify copies of pages of the McLean County circuit court Traffic Fee Book indicating payments made by defendant in McLean County case Nos. 68—5768, 68—8207, and 71—0406, all having notations of "D.W.I."

People's exhibit No. 3 was a printout of defendant's driving record prepared by the Secretary of State's office. That document referred to convictions for DWI on (1) September 12, 1968, following an arrest on August 13, 1968; (2) December 9, 1968, following an arrest on October 31, 1968; (3) July 18, 1969, following an arrest on June 20, 1969; and (4) January 18, 1971, following an arrest on January 16, 1971.

Defendant argues that these exhibits are insufficient because they nowhere indicate whether defendant was afforded counsel or waived counsel in the prior cases. The enhancing event for DUI is not prior "convictions," but prior "commissions" of the offense. *Sheehan*, 168 Ill. 2d at 303-09, 659 N.E.2d at 1341-44; *People v. Tinkham*, 266 Ill. App. 3d 391, 396, 639 N.E.2d 917, 920 (1994); *People v. Lambert*, 249 Ill. App. 3d 726, 729-30, 619 N.E.2d 534, 536 (1993); *People v. Winkler*, 248 Ill. App. 3d 954, 957, 618 N.E.2d 661, 662-63 (1993). As a result, the exhibits must be analyzed to determine whether they establish a prior commission, not a prior conviction.

■ The documents submitted by the State are sufficient to establish the commission of the DUIs. Just as an order of suspension is an indication of the commission of the offense, though not a conviction,

the payment of fees and fines by defendant in the McLean County cases is an acknowledgement of the commission of those offenses, even though a certified copy of the record of conviction was not submitted by the State. This case involves a question of what is the best evidence of the prior commission. Although submitting certified copies of records of conviction is one method of proving prior commission (see *People v. Robinson*, 167 Ill. 2d 53, 75-76, 656 N.E.2d 1090, 1100 (1995)), it is not the only method (see *People v. Davis*, 65 Ill. 2d 157, 164, 357 N.E.2d 792, 795-96 (1976)), particularly where those records have been destroyed in the ordinary course of court business. Informal presentation of defendant's prior record is not erroneous *per se*. *People v. Hurst*, 42 Ill. 2d 217, 222, 247 N.E.2d 614, 618 (1969). At sentencing, the State need not prove the prior commissions of DUI beyond a reasonable doubt, and the trial court may consider any relevant and reliable evidence, taking care to ensure the accuracy of information and to shield itself from the prejudicial effect of improper material. *People v. Williams*, 149 Ill. 2d 467, 490-92, 599 N.E.2d 913, 924 (1992); *People v. Yeast*, 236 Ill. App. 3d 84, 92, 601 N.E.2d 1367, 1372 (1992).

In this case, defendant has never asserted he was not represented by counsel or did not waive counsel in the prior proceedings. Instead, defendant argues that the State failed to prove representation by counsel or waiver. We agree with the State's argument that unless defendant offers some evidence to affirmatively raise the question of whether he was not represented by counsel and did not waive counsel at the time of the prior convictions, defendant cannot shift the burden to the State to prove representation or waiver. In essence, the State has presented its evidence in aggravation and the defendant has done nothing to call its reliability into question except to argue its insufficiency.

In *People v. Finley*, 209 Ill. App. 3d 968, 972, 568 N.E.2d 412, 414 (1991), defendant filed an affidavit stating he could not afford to have counsel for the prior case and he was informed he had no right to counsel and none would be appointed since the State was not seeking a jail term. No such affidavit was presented in this case. Nor did defendant testify at sentencing that he was uncounseled at the prior proceedings and did not waive his right to counsel. To the extent that *Finley* can be read to place an affirmative burden on the State to demonstrate representation or waiver of counsel in the prior cases, even without any evidence by defendant, we decline to follow it. The failure of defendant to make any affirmative statement cannot only be deemed a waiver of the issue, but may be considered by the trial court as creating an inference that either defendant was represented

by counsel at the earlier proceedings or he waived representation by counsel in those proceedings.

The sixth amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right *** to have the Assistance of Counsel for his defence." U.S. Const., amend. VI. In *Gideon v. Wainwright*, 372 U.S. 335, 339-45, 9 L. Ed. 2d 799, 802-06, 83 S. Ct. 792, 794-97 (1963), the sixth amendment right to counsel in felony cases was applied to the states through the fourteenth amendment (U.S. Const., amend. XIV). Subsequently, the right to counsel was extended to misdemeanor cases so that no person may be imprisoned unless afforded the right to counsel. *Scott v. Illinois*, 440 U.S. 367, 373-74, 59 L. Ed. 2d 383, 389, 99 S. Ct. 1158, 1162 (1979); *Argersinger v. Hamlin*, 407 U.S. 25, 37, 32 L. Ed. 2d 530, 538, 92 S. Ct. 2006, 2012 (1972). The Supreme Court has stated a prior uncounseled felony conviction may not be used to support guilt, and an uncounseled felony conviction may not be used to enhance a sentence following a subsequent conviction (*Burgett v. Texas*, 389 U.S. 109, 115, 19 L. Ed. 2d 319, 325, 88 S. Ct. 258, 262 (1967)), and subsequent sentences based in part on prior invalid convictions must be set aside (see *United States v. Tucker*, 404 U.S. 443, 447-49, 30 L. Ed. 2d 592, 596-97, 92 S. Ct. 589, 592 (1972)).

*Finley* relied on the Supreme Court decision of *Baldasar v. Illinois*, 446 U.S. 222, 227-28, 64 L. Ed. 2d 169, 175, 100 S. Ct. 1585, 1588 (1980), which apparently decided that an uncounseled misdemeanor conviction could not be used to increase the term of imprisonment in a subsequent offense. *Finley*, 209 Ill. App. 3d at 970, 568 N.E.2d at 413. However, the Supreme Court has recently resolved the confusion created by *Baldasar* and adopted the dissent in *Baldasar*, holding that a sentencing court may consider a prior uncounseled misdemeanor conviction in sentencing for a subsequent offense even though the prior misdemeanor conviction resulted in a sentence of imprisonment. See *Nichols v. United States*, 511 U.S. 738, 746-47, 128 L. Ed. 2d 745, 754, 114 S. Ct. 1921, 1927 (1994). The court reasoned that since sentencing courts may consider conduct that did not result in conviction, they could surely consider a prior conviction that must have been proved beyond a reasonable doubt. *Nichols*, 511 U.S. at 747, 128 L. Ed. 2d at 754-55, 114 S. Ct. at 1928. Defendant's contention on appeal is not a bar to the use of the conviction in McLean County case No. 68—5768, in which defendant only received a $100 fine.

The key question in this case, however, is how must the issue be raised. In *Nichols*, the defendant argued that the prior conviction was uncounseled, and the district court agreed. *Nichols*, 511 U.S. at

741, 128 L. Ed. 2d at 750, 114 S. Ct. at 1924. In *Baldasar*, the record of the prior proceeding indicated the defendant was not represented by counsel and he did not formally waive the right to counsel. *Baldasar*, 446 U.S. at 223, 64 L. Ed. 2d at 172, 100 S. Ct. at 1585. In *Tucker*, the fact the prior convictions were uncounseled was "conclusively determined" in a collateral proceeding several years after the imposition of the enhanced sentence. *Tucker*, 404 U.S. at 444-45, 30 L. Ed. 2d at 595, 92 S. Ct. at 590. In *Burgett*, the certified records of the prior conviction were contradictory, one saying the defendant was without counsel and the other silent on that point. *Burgett*, 389 U.S. at 112, 19 L. Ed. 2d at 323, 88 S. Ct. at 260. The *Burgett* court stated that the records of the prior conviction "on their face raise a presumption that petitioner was denied his right to counsel," and refused to presume waiver of counsel from such a record. *Burgett*, 389 U.S. at 114, 19 L. Ed. 2d at 324, 88 S. Ct. at 261-62. In *Custis v. United States*, 511 U.S. 485, 488, 128 L. Ed. 2d 517, 523, 114 S. Ct. 1732, 1734 (1994), at the time of the sentencing following a subsequent conviction, the defendant raised the issue of ineffective assistance of counsel during the proceedings that resulted in the prior conviction. The Supreme Court held that a defendant has no right to "collaterally attack" a prior conviction in such a manner, with the sole exception of a prior conviction having been obtained in violation of the right to counsel. *Custis*, 511 U.S. at 487, 128 L. Ed. 2d at 522-23, 114 S. Ct. at 1734.

Here, defendant did not collaterally attack the prior convictions. Instead, defendant merely objected to the sufficiency of the State's evidence. Defendant did not testify at sentencing. Without some evidence to the contrary, we will presume the trial courts in the prior convictions of defendant fulfilled their constitutional obligations to defendant. See *People v. McCarty*, 101 Ill. App. 3d 355, 361, 427 N.E.2d 1382, 1387 (1981) (Heiple, J., dissenting), *aff'd in part & rev'd in part*, 94 Ill. 2d 28, 445 N.E.2d 298 (1983).

The judgment of the circuit court of Logan County is affirmed.

Affirmed.

KNECHT and GREEN, JJ., concur.