MUSLIM COMMUNITY CENTER, a/k/a The Muslim Community Center, Plaintiff-Appellee, v. THE VILLAGE OF MORTON GROVE, Defendant-Appellant.

First District (2nd Division)   Nos. 1—08—0184, 1—08—1334 cons.

Opinion filed June 16, 2009.

Johnson & Bell, Ltd., of Chicago (Joseph R. Marconi, David M. Macksey, and Victor J. Pioli, of counsel), for appellant.

Holland & Knight LLP, of Chicago (Gregory R. Meeder, Eric Dorkin, and Leah Wardak, of counsel), for appellee.

PRESIDING JUSTICE KARNEZIS delivered the opinion of the court:

The question presented in this consolidated appeal is whether the circuit court erred in finding that plaintiff, Muslim Community Center (MCC), was the owner of certain property located in the Village of Morton Grove, Illinois. Defendant, Village of Morton Grove (Village), contends on appeal that it holds title to the property. For the foregoing reasons, we affirm the circuit court's orders in favor of MCC.

MCC filed a complaint to quiet title to certain property located in Morton Grove, referred to as parcel 2, on December 15, 2005.[1] Parcel 2 is vacant and consists of a 66-foot strip of land that runs across and divides parcel 1 from west to east, and was previously referred to as the Capulina right-of-way. Parcel 1 is approximately three acres in size and is located at or about 8601 North Menard Avenue in Morton Grove.

MCC alleged in its complaint that its ownership of parcel 2 can be proven when the chain of title is examined, dating back to 1954. In 1954, LaSalle National Bank, as trustee of certain property as indicated on the plat of Shapiro's subdivision, which included parcel 2, subdivided the property in the manner represented on the plat of Shapiro's subdivision. On July 27, 1954, the plat was "approved" by the board of trustees of the Village. However, the Village did not record the plat with the Cook County recorder of deeds until February 13, 1963.

On January 28, 1963, the Board of Education of District No. 70, County of Cook, State of Illinois (Board of Education), filed a condemnation complaint against LaSalle National Bank, as trustee, to acquire title to property that included parcels 1 and 2. A judgment order was entered on December 19, 1963, granting fee simple absolute title of parcels 1 and 2 to the Board of Education. The only records that exist from the condemnation proceeding are the docket sheet showing the date of the filing and the judgment order. It is believed that the record was lost sometime in 1989.

On or about October 23, 1964, the Board of Education conveyed its interest in the property by warranty deed to the "Trustees of Schools, Township 41, Range 13 East of the 3rd Principal Meridian for the use and benefit of School District No. 70, Cook County, Illinois" (Trustees of Schools). On November 3, 1989, the Trustees of Schools transferred its interest in the property by quitclaim deed to MCC.

The Village filed an answer and counterclaim to MCC's complaint. In its answer, the Village specifically denied that MCC owned parcel 2

---

[1]Prior to filing the complaint to quiet title in this case, MCC filed a complaint in the United States District Court for the Northern District of Illinois, Eastern Division, case No. C 6881, against the Village, alleging that the Village violated its constitutional rights when it denied its application for a special use permit for parcel 2. In June 2004, the parties resolved their dispute pursuant to a mutual cross-license agreement whereby the Village agreed to grant MCC a license to use part of parcel 2 to construct a parking lot and MCC agreed to grant the Village a license to 24,800 square feet of green space for use as a park. The agreement is effective "until such time as there is a final decision from a court of competent jurisdiction concerning the [p]arties' ownership interests in the [property]."

and alleged that it was the fee simple owner of parcel 2. The Village claimed that it acquired title to parcel 2 pursuant to the dedication of the property that occurred in 1954. The Village's counterclaim alleged that the 1963 condemnation order did not extinguish the Village's interest in parcel 2.

MCC's answer to the Village's counterclaim admitted that the Village formally "approved" the Shapiro subdivision plat in 1954, but stated that the Village did not "accept" the dedication prior to the filing of the condemnation complaint on January 28, 1963, because the Village did not record the plat until February 13, 1963. Therefore, MCC alleged that the condemnation order extinguished any rights that the Village may have had with respect to parcel 2.

The Village filed a motion for summary judgment pursuant to section 2—1005 of the Code of Civil Procedure (735 ILCS 5/2—1005 (West 2000)) (Code), which the circuit court denied. The court also denied the Village's motion to reconsider.

Subsequently, MCC filed a motion for summary judgment, which the circuit court granted. The Village filed a notice of appeal (No. 1—08—0184).

The Village then filed a second motion for summary judgment, which the court struck. The court entered judgment in favor of MCC and against the Village on the Village's counterclaim. The Village filed a notice of appeal (No. 1—08—1334). We consolidated the appeals.

## ANALYSIS

On appeal, the Village contends that the circuit court's order granting summary judgment in favor of MCC should be reversed and this court should grant summary judgment in favor of the Village.

Summary judgment is proper if the pleadings, depositions, affidavits, admissions, and other matters on file demonstrate there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Smith v. Armor Plus Co.*, 248 Ill. App. 3d 831, 839 (1993). The reviewing court's function on review of summary judgment is limited to deciding whether the circuit court correctly concluded that no genuine issue of material fact had been raised and, if none was raised, whether judgment as a matter of law was appropriate. *Chicago Transit Authority v. Clear Channel Outdoor, Inc.*, 366 Ill. App. 3d 315, 323 (2006). Appellate review of an order granting summary judgment is *de novo*. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992).

As stated above, the question presented in this appeal is whether the circuit court erred in finding that, as a matter of law, MCC was the owner of parcel 2 such that summary judgment was proper.

The Village argues that MCC cannot be the owner of parcel 2 because the condemnation order granting title of parcel 2 to MCC's predecessors is void for lack of subject matter jurisdiction because the Board of Education brought the condemnation proceeding rather than the Trustees of Schools. The Village maintains that the Trustees of Schools was the only authority who could bring a suit to condemn land for school purposes, except in the instance of a special charter district, and MCC cannot establish that District No. 70 was a special charter district in 1963. The Village further argues that there is no presumption in favor of the validity of the 1963 judgment order because the court was exercising a special statutory power pursuant to the condemnation complaint.

It is well established that a judgment order entered by a court that lacked subject matter jurisdiction "is void and may be attacked by any person affected by that order at any time." *Scheller v. Trustees of Schools of Township 41 North, Range 12, East of the Third Principal Meridian*, 67 Ill. App. 3d 857, 866 (1978). "In the case of a collateral attack on a judgment, all presumptions are in favor of the validity of the judgment attacked, and want of jurisdiction must appear on the face of the record." *Scheller*, 67 Ill. App. 3d at 866.

Here, we are faced with a collateral attack on the condemnation proceeding.

The 1963 judgment order stated in part:

> "And the Court having jurisdiction of the Petitioner and all of the respondents to this suit who are interested in the real property described in the petition filed in this cause, and the subject matter thereof, and all parties interested being before the Court ***."

Because the judgment order explicitly stated that the court had jurisdiction, we cannot say that a lack of jurisdiction exists on the face of the record. As the circuit court stated in its order denying the Village's motion for summary judgment, lack of jurisdiction must appear on the face of the record, "[s]uch cannot be shown *aliunde*." We find that the title acquired by the Board of Education through the condemnation proceeding is valid. Further, because the Board of Education acquired title to parcel 2 as of the date that the condemnation petition was filed in January 1963, we find that MCC holds title to parcel 2. See *Chicago Park District v. Downey Coal Co.*, 1 Ill. 2d 54, 57 (1953) (title acquired by condemnor relates back to the date on which the petition was filed). The Village's recording of the plat in February 1963 had no effect on the Board of Education's title. Thus, there is no genuine issue of material fact and summary judgment in favor of MCC was proper.

The Village cites to extrinsic evidence to support its position that it would not have been possible for the Board of Education in 1963 to have furnished proof that the court had proper jurisdiction to hear the condemnation proceeding.

As stated above, in a collateral attack proceeding, all presumptions are in favor of the validity of the condemnation order. The Village may not rely on extrinsic evidence to rebut that presumption. However, we may take judicial notice of a public document that would rebut the presumption that the condemnation order was valid. A court may take judicial notice of public documents that are capable of being readily verifiable. *Village of Riverwoods v. BG Limited Partnership*, 276 Ill. App. 3d 720, 724 (1995); *People v. Henderson*, 171 Ill. 2d 124, 134 (1996). Nevertheless, we are neither aware of nor has our research revealed any public document listing special charter school districts in Illinois or that such a list is filed anywhere within the state of Illinois. When questioned at oral argument, the parties were also unaware of the existence of any such document or record. Therefore, we find that the Village is unable to rebut the presumption that the condemnation order was valid. Consequently, we find no error in the court's orders denying the Village's motion for summary judgment and entering judgment in favor of MCC.

Accordingly, we affirm the orders of the circuit court in favor of MCC.

Affirmed.

HOFFMAN and CUNNINGHAM, JJ., concur.