# Illinois Official Reports

## Appellate Court

---

### *People v. Anderson*, 2021 IL App (2d) 190128

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL F. ANDERSON, Defendant-Appellant. |
| District & No. | Second District<br>No. 2-19-0128 |
| Filed | June 3, 2021 |
| Decision Under Review | Appeal from the Circuit Court of Boone County, Nos. 96-DT-17, 14-CF-189; the Hon. John H. Young, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James E. Chadd, Douglas R. Hoff, and Beverly M. Jones, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Tricia L. Smith, State's Attorney, of Belvidere (Patrick Delfino, Edward R. Psenicka, and Katrina M. Kuhn, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE HUTCHINSON delivered the judgment of the court, with opinion.<br>Presiding Justice Bridges and Justice Hudson concurred in the judgment and opinion. |

**OPINION**

¶ 1        Defendant, Michael F. Anderson, was charged with two counts of aggravated driving while under the influence of alcohol (DUI) (625 ILCS 5/11-501(a)(1), (a)(2), (d)(1)(A), (d)(2)(B) (West 2014)). The offenses were elevated to Class 2 felonies because defendant had two prior DUI convictions. *Id.* § 11-501(d)(2)(B). He pleaded guilty to one count and faced mandatory sentencing as a Class X offender because he had two prior Class 2 felony convictions (730 ILCS 5/5-4.5-95(b) (West 2014)). He was sentenced to six years' imprisonment. On appeal, defendant claims that one of his prior DUI convictions, obtained in case No. 96-DT-17, cannot be used to aggravate his current DUI offense because he neither was represented by counsel nor had waived his right to counsel when he was convicted of DUI in case No. 96-DT-17. We determine that defendant failed to meet his burden of rebutting the presumption that the DUI conviction in case No. 96-DT-17 was validly obtained. Thus, we affirm the trial court's judgment.

¶ 2                                                      I. BACKGROUND

¶ 3        The two counts charging defendant with aggravated DUI alleged, in relevant part, that defendant was driving "while under the influence of alcohol" (count I) (see 625 ILCS 5/11-501(a)(2) (West 2014)) and "when the alcohol concentration in his blood or breath was 0.08 or more" (count II) (see *id.* § 11-501(a)(1)). Each count indicated that the offense was charged as aggravated DUI and elevated to a Class 2 felony because, at the time defendant committed the offense, "[he] had two prior violations of 625 ILCS 5/11-501(a) or a similar provision."

¶ 4        Defendant subsequently pleaded guilty to count II. Before accepting the guilty plea, the trial court advised defendant about the nature of the charge. Specifically, the court stated:

> "[T]he count that you're pleading to is Count 2 of the bill of indictment of 14-CF-189 that alleges on or about May 3rd of 2014 here in Boone County you committed the offense of aggravated driving with an alcohol concentration of 0.08 or more. ***
>
>      ***
>
>      *** And that you drove a motor vehicle on Belvidere Road with an alcohol concentration in your blood or breath that was .08 or more based on the definition of blood and breath units in Section 11-501.2, and at the time you had two prior violations of 625 ILCS 5/11-501(a)—that's the DUI statute—or a similar provision in violation of 625 ILCS 5/11-501(a)(1) and (d)(1)(A) and (d)(2)(B) of the Illinois statutes as alleged. That is a Class 2 felony."

The court asked defendant if he "understood the charge," and defendant replied, "Yes, sir." When the trial court asked about the "two priors," the State indicated that, at sentencing, it "will prove up the two priors."

¶ 5        When defendant pleaded guilty, he believed that he was subject to sentencing for a Class 2 felony because he had committed DUI twice previously (see *id.* § 11-501(d)(2)(B)). At sentencing, however, it became clear that—because defendant had been previously convicted of robbery, a Class 2 felony (see generally 720 ILCS 5/18-1(a), (c) (West 2018)), and possession of a stolen motor vehicle, also a Class 2 felony (see generally 625 ILCS 5/4-103(a)(1), (b) (West 2018))—he faced mandatory sentencing as a Class X offender (730 ILCS 5/5-4.5-95(b) (West 2014) (Class X sentencing applies when a defendant is facing sentencing

for a Class 2 felony after having "twice been convicted *** of an offense *** classified *** as a Class 2 or greater Class felony"). Defendant moved to withdraw his guilty plea on this basis, and the trial court granted that motion.

¶ 6 Thereafter, defendant again pleaded guilty to count II of the indictment. Before the trial court accepted defendant's plea, the court advised him about the nature of the charge. Specifically, the court stated:

> "At this point the specific count is Count 2 of the bill of indictment that alleges on or about May 3rd of 2014 here in Boone County, you committed the offense of aggravated driving with an alcohol concentration of .08 or more in that you drove a motor vehicle on Belvidere Road, which is a highway here in Boone County, when the alcohol concentration in your blood or breath was .08 or more based upon the definition of blood and breath units in Section 11-501.2, and at the time that you had two prior violations of the DUI statute, 11-501(a), or a similar provision, and that's what makes it the Class 2 in violation of 5/11-501(a)(1) and (d)(1)[(]A) and (d)(2)(B)."

The court also advised defendant of the penalty range for a Class X offense. The court asked defendant if he "[understood] the charge that's involved," and defendant replied, "Yes, sir." After giving a factual basis for the plea, the State advised the court that, if the case "were to proceed to trial," it would "prove at sentencing that defendant has twice been previously convicted for [DUI]." Later, the State filed a "Statement by the State's Attorney," which noted that defendant had two prior DUI convictions, one entered "on 8/1/97, in Boone County, Illinois, Case Number 96DT17," and another entered "on 6/25/98 in Winnebago County, Illinois, Case Number 98DT22078."

¶ 7 At the sentencing hearing, the State introduced certified copies of defendant's prior Class 2 felony convictions. The trial court noted that, if defendant were not eligible for mandatory Class X sentencing, the court would have sentenced defendant, based on the mitigating evidence, to three years' imprisonment, which was the minimum sentence for a Class 2 felony (*id.* § 5-4.5-35(a)). The court instead sentenced defendant to six years' imprisonment, which was the minimum sentence for a Class X offense. *Id.* § 5-4.5-25(a).

¶ 8 Defendant moved the trial court to reconsider his sentence. Defendant claimed for the first time that the DUI conviction obtained in case No. 96-DT-17 could not be used to elevate his current DUI to a Class 2 felony because that prior conviction was obtained after defendant waived a jury trial and proceeded to a bench trial without being represented by counsel or having waived his right to counsel. Attached to defendant's motion was, among other things, his affidavit and the docket sheets and presentence investigation report (PSI) from case No. 96-DT-17.

¶ 9 In his affidavit, defendant asserted:

> "5. On October 15, 1996, I appeared in Court with the Alternate Public Defender, and I told the Court I wished to hire my own counsel.
>
> 6. On January 31, 1997, the Alternate Public Defender was granted leave to withdraw.
>
> 7. Without the benefit of counsel and without a Court Reporter present, I signed a jury waiver. I do not remember what the Court told me at the time I signed the paper. I probably was under the influence of alcohol.
> ***

9. On May 23, 1997, I appeared without counsel for [a] bench trial. I was found guilty. The Court ordered a PSI. The order indicates I did not have counsel.

10. On June 27, 1997, [counsel] entered his appearance to represent me for my sentencing hearing.

11. On August 1, 1997, I appeared for sentencing with my attorney, and was sentenced to two years of probation and 90 days in jail, *** with an additional 90 days in jail stayed.

12. On June 11, 1998, I appeared with [counsel] and was sentenced to an additional two years of probation plus 90 days stayed jail.

13. That the State was seeking jail [time,] and[ ] I did not understand I had the right to continue the trial so I could hire an attorney[ ] or obtain the services of another alternate public defender."

¶ 10    The docket sheets attached to defendant's motion revealed that a complaint in case No. 96-DT-17 was filed on January 23, 1996. On February 2, 1996, defendant was advised that the State was seeking jail time. On March 14, 1996, defendant moved for a continuance so that he could hire counsel. The trial court granted the motion, and, at the next court date, defendant again asked for a continuance so that he could hire an attorney. Although the court granted the motion, it also appointed an assistant public defender to represent defendant. On the next several court dates, an assistant public defender represented defendant. That attorney withdrew his representation on October 7, 1996. On the next court date, defendant failed to appear on time, and the court appointed an alternate public defender. When defendant appeared later that day, he was told that an alternate public defender had been appointed to represent him. The alternate public defender appeared with defendant on the next court date, and defendant again advised the court that he wanted to hire private counsel. Defendant subsequently filed two *pro se* motions. On January 31, 1997, defendant was present with the alternate public defender and asked to proceed on the *pro se* motions he had filed. The State objected, as defendant was represented by counsel. The alternate public defender was given leave to withdraw, and defendant entered a plea of not guilty, executed a jury waiver, and advised the court that he might file a motion for discovery. A bench trial was set for a future date, and defendant was warned that, if he did not appear, a trial would take place in his absence. On the trial date, defendant appeared late, and the court noted "that it appears the [defendant] has been drinking." Defendant was placed in custody, a new trial date was set, and defendant was again warned about a trial taking place in his absence. On May 23, 1997, defendant was present for trial. After sworn testimony was taken, the court found defendant guilty. Thereafter, defendant retained private counsel. Following a sentencing hearing, defendant was sentenced to two years of probation and 90 days in jail, with an additional 90 days in jail stayed, pending defendant's successful completion of probation. The State later filed a petition to revoke probation, and defendant retained counsel. He pleaded guilty to violating the terms of probation, and the court imposed another two years of probation and a 90-day jail term, with an additional 90 days stayed pending defendant's successful completion of probation. Although defendant failed to pay various fines and fees, his probation was subsequently terminated.

¶ 11    The order for a PSI in case No. 96-DT-17 provided space for the name of the assistant state's attorney and defense counsel who were involved in the case. Although the name of the assistant state's attorney is listed in the space provided, the space provided for the name of defense counsel is crossed out.

- 4 -

¶ 12    In addition to providing the foregoing documents, defendant advised the trial court that no reports of proceedings existed for the jury-waiver and trial proceedings in case No. 96-DT-17 and that the alternate public defendant who withdrew from defendant's case before defendant waived his jury right was deceased.

¶ 13    Following a hearing, the trial court issued a written decision denying defendant's motion to reconsider. In doing so, the court noted that defendant "had multiple and ample notice concerning the 'prior' violations allegations" and yet he never challenged the prior conviction until after he was sentenced. Moreover, citing *People v. Laskowski*, 287 Ill. App. 3d 539, 543 (1997), the court found that defendant must present "some evidence to affirmatively raise the question" that he was denied his right to counsel. Although defendant submitted documents in support of his claim that his right to counsel was violated in case No. 96-DT-17, the court found those documents lacking. Specifically, the court observed that defendant's affidavit was silent on (1) the reason for the alternate public defender's withdrawal on January 31, 1997, (2) defendant's position as to that withdrawal, and (3) whether defendant requested additional counsel on that date or on the date of his trial. Rather, defendant's affidavit "only states he did not understand," and this was inadequate to raise the issue of a constitutional violation. The court believed that the "real question" was whether defendant waived counsel, and on that issue the court said: "The permitted withdrawal of the alternate public defender on the same court appearance [as] the jury waiver, when it was clear the State was seeking jail, belies [defendant's] allegation of a violation of his right to counsel."

¶ 14    This timely appeal followed.

¶ 15                                        II. ANALYSIS

¶ 16    Defendant argues on appeal that the trial court wrongly placed the burden on him in his collateral attack on the conviction obtained in case No. 96-DT-17. The issue is one of first impression and is two-tiered. We must first decide whether a presumption of validity attaches to a prior conviction when it is used to enhance the classification of a subsequent offense. If we find that such a presumption attaches, we must then determine what amount of proof is necessary to rebut that presumption. These are issues that we review *de novo*. See *People v. Artis*, 232 Ill. 2d 156, 161 (2009) (pure questions of law reviewed *de novo*).

¶ 17    Before addressing the issues raised, we observe that defendant did not object in the pretrial or trial proceedings, or in a written posttrial motion, that his conviction in case No. 96-DT-17 was obtained in violation of his right to counsel. Rather, defendant first challenged that conviction in his motion to reconsider his sentence. "[B]oth a trial objection and a written post-trial motion raising the issue are necessary to preserve an issue for review." *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). When a defendant neglects one or both of these steps, the issue is forfeited. *Id.*

¶ 18    Defendant recognizes that he forfeited any claim that his conviction in case No. 96-DT-17 was obtained in violation of his right to counsel. He asks this court to consider the issue pursuant to the plain-error rule, which bypasses normal forfeiture principles and allows a reviewing court to consider unpreserved claims of error in specific circumstances (*People v. Thompson*, 238 Ill. 2d 598, 613 (2010)). We need not apply that rule, however, for the State has not argued forfeiture and, thus, has itself forfeited such an objection. See *People v. Lucas*, 231 Ill. 2d 169, 175 (2008) ("The doctrine of forfeiture applies to the State as well as to the defendant and the State may forfeit an argument that the defendant forfeited an issue by not

properly preserving it for review."); Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited ***."). Consequently, we will address the merits of the issue defendant raises.

¶ 19     We begin by delineating the portions of the Illinois Vehicle Code (Code) (625 ILCS 5/1-100 *et seq.* (West 2014)) that are relevant in this case. Section 11-501(a)(1) of the Code, which is the offense to which defendant pleaded guilty, provides that no person may drive or be in actual physical control of a motor vehicle while his blood-alcohol concentration is 0.08 or above. *Id.* § 11-501(a)(1). A violation of section 11-501(a)(1) of the Code is a Class A misdemeanor. *Id.* § 11-501(c)(1). The class of crime is aggravated, however, where a defendant has previously violated section 11-501(a)(1) of the Code or a similar provision. *Id.* § 11-501(d)(1)(A). In particular, when a defendant has violated section 11-501(a)(1) of the Code or a similar provision twice before, his current DUI offense is elevated to a Class 2 felony. *Id.* § 11-501(d)(2)(B).

¶ 20     Here, defendant argues that his current DUI offense cannot be elevated to a Class 2 felony because one of his two prior convictions, the conviction entered in case No. 96-DT-17, is invalid. Thus, defendant contends that his current DUI conviction must be reduced to a Class A misdemeanor, as his other prior DUI conviction cannot alone elevate his current DUI to a Class 2 felony. Further, once his current DUI conviction is reduced to a Class A misdemeanor, he is no longer subject to sentencing as a Class X offender. See 730 ILCS 5/5-4.5-95(b) (West 2014).

¶ 21     With this framework in mind, we now consider defendant's claim that his conviction in case No. 96-DT-17 is invalid because, when it was obtained, he neither was represented by counsel nor had he waived his right to counsel. The sixth amendment to the United States Constitution, which is made applicable to the States through the due process clause of the fourteenth amendment, guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right *** to have the Assistance of Counsel for his defence." U.S. Const., amends. VI, XIV. The sixth amendment prohibits a sentence of imprisonment upon conviction unless the defendant had an attorney or had waived the right to counsel. See *Argersinger v. Hamlin*, 407 U.S. 25, 37 (1972) ("[A]bsent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial.").

¶ 22     The right to counsel is also protected by the Illinois Constitution (Ill. Const. 1970, art. I, § 8). Our supreme court has the authority to interpret provisions of our state constitution to provide broader protections than their federal counterparts. *Relsolelo v. Fisk*, 198 Ill. 2d 142, 149 (2001). The Illinois right is broader than its federal counterpart. See *People v. McCauley*, 163 Ill. 2d 414, 424 (1994) (expanding protection beyond the federal right to counsel and holding that a suspect's waiver of counsel during custodial interrogation is not valid where the police refuse to inform him that his attorney is at the police station waiting to see him); *People v. Campbell*, 224 Ill. 2d 80, 85 (2006) ("Illinois provides a right to counsel that is broader than the sixth amendment right to counsel"). The Illinois right to counsel is codified in section 113-3(b) of the Code of Criminal Procedure of 1963 (725 ILCS 5/113-3(b) (West 2018)), which states that "[i]n all cases, *except where the penalty is a fine only*, if the court determines that the defendant is indigent and desires counsel, the Public Defender shall be appointed as counsel." (Emphasis added.) Moreover, the trial court may not, without providing certain admonitions, accept a waiver of counsel from a defendant charged with a crime "punishable

by imprisonment." Ill. S. Ct. R. 401(a) (eff. July 1, 1984). By contrast, the federal right bars a sentence of imprisonment only if the defendant did not have counsel, or had not waived counsel, when the conviction was obtained. See *Argersinger*, 407 U.S. at 37; *Campbell*, 224 Ill. 2d at 84-85 (comparing the rights). Just as with the federal right to counsel, the state right to counsel attaches at any "critical stage" of the proceedings. *People v. Vernón*, 396 Ill. App. 3d 145, 153 (2009). "Critical stages" include when a defendant waives his right to a jury trial (*People v. Lindsey*, 201 Ill. 2d 45, 56 (2002)) and when he is tried for the offense with which he is charged (*People v. Allen*, 220 Ill. App. 3d 772, 781 (1991)).

¶ 23    The DUI charge in case No. 96-DT-17 was punishable by imprisonment, and in fact, defendant was sentenced to a term in jail. Therefore, defendant's federal and state rights to counsel attached. Moreover, the record reveals that the alternate public defender withdrew on the day that defendant entered his jury waiver and that defendant did not have counsel at his trial. These were critical stages where defendant enjoyed both federal and state rights to counsel. While, at first blush, this may suggest that defendant's rights to counsel were violated, we cannot simply conclude that they were, as both rights also include the right to waive counsel and represent oneself. *People v. Haynes*, 174 Ill. 2d 204, 235 (1996); *People v. Morgese*, 94 Ill. App. 3d 638, 642 (1981). Thus, here, the question becomes whether defendant *waived* his right(s) to counsel.

¶ 24    A waiver of counsel must be knowing and voluntary. *People v. Pike*, 2016 IL App (1st) 122626, ¶ 109. Illinois Supreme Court Rule 401(a) (eff. July 1, 1984) states:

"The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

    (1) the nature of the charge;

    (2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and

    (3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court."

¶ 25    To memorialize that a proper waiver was made, Illinois Supreme Court Rule 401(b) (eff. July 1, 1984) mandates that "[t]he [open court] proceedings required by this rule *** shall be taken verbatim, and upon order of the trial court transcribed, filed and made a part of the common law record."

¶ 26    Rule 401 implements a strong policy of safeguarding the right to counsel. Our supreme court has held that a waiver of counsel must be "clear and unequivocal, not ambiguous" and that "[c]ourts must 'indulge in every reasonable presumption against waiver' of the right to counsel." *People v. Baez*, 241 Ill. 2d 44, 116 (2011) (quoting *Brewer v. Williams*, 430 U.S. 387, 404 (1977)).

¶ 27    We applied Rule 401 in *People v. Montgomery*, 298 Ill. App. 3d 1096 (1998), where the defendant challenged, on direct appeal, his conviction, following a jury trial, of unlawful consumption of alcohol by a minor. He claimed that a bystander's report, which stated simply that he had waived his right to counsel, did not satisfy Rule 401(b). *Id.* at 1097-98. We agreed and held that the burden of producing the verbatim transcript required by the rule rested entirely with the State:

"[W]e are compelled to comply strictly with Rule 401(b) as a result of the constitutional requirements for all offenses punishable by imprisonment. The critical emphasis is upon the record of a waiver hearing, not upon any allegations of nonwaiver. Moreover, where the record fails to show that the defendant voluntarily and knowingly waived his right to counsel, the State may not place the burden of showing nonwaiver on him. [Citation.] Under the circumstances, the burden of providing a verbatim transcript properly rested with the State. [Citation.]" *Id.* at 1099-1100.

¶ 28    Defendant argues that the record in case No. 96-DT-17 is "devoid of evidence that the trial court gave [him] Rule 401 admonishments." Noting that he was unable to get reports of proceedings for the jury-waiver and trial proceedings, or ask the alternate public defender what transpired when he withdrew from the case and defendant waived his jury right, defendant argues that this court cannot presume that he validly waived his right to counsel. Thus, we must decide which party bore the burden of proof on whether defendant validly waived his right to counsel in case No. 96-DT-17. In *Montgomery*, the State bore the burden, but the conviction there was challenged on direct appeal. Here, defendant raises a collateral challenge to his prior conviction, and he relies on *Burgett v. Texas*, 389 U.S. 109, 114-15 (1967), where the United States Supreme Court noted:

"Presuming waiver of counsel from a silent record is impermissible. [Citation]. To permit a conviction obtained in violation of *Gideon v. Wainwright*[, 372 U.S. 335 (1963),] to be used against a person either to support guilt or enhance punishment for another offense [citation] is to erode the principle of that case."

*Burgett* will figure in our analysis. However, we first discuss *Laskowski*, on which the trial court relied. The defendant in *Laskowski* was charged with aggravated DUI, based on his prior commissions of DUI. *Laskowski*, 287 Ill. App. 3d at 541. At sentencing, the State's proof of those prior commissions consisted of the defendant's PSI and several documents from circuit court clerks and the Illinois Secretary of State. *Id.* at 541-42. The defendant "objected to the consideration of [the] prior offenses listed in the [PSI] and to the form of the State's exhibits offered to establish the prior commission of these offenses." *Id.* at 542. On appeal, he argued "that [the] exhibits [were] insufficient because they nowhere indicate[d] whether defendant was afforded counsel or waived counsel in the prior cases." *Id.* The appellate court held first that the exhibits were sufficient to establish the prior offenses. *Id.* at 542. The court noted that the enhancement of a DUI offense rests on the prior *commission* of a DUI offense and not a prior *conviction*. *Id.* at 542-43. The court then considered what is the best evidence of a prior commission. *Id.* at 543. The court determined that a prior commission could be established with a variety of evidence, including certified copies of the prior conviction. *Id.* The court concluded that the State's documents were sufficient to establish the prior commissions of the DUI. *Id.* at 542.

¶ 29    As for the defendant's claim that the State's documents did not show that he waived the right to counsel, the court said:

"In this case, defendant has never asserted he was not represented by counsel or did not waive counsel in the prior proceedings. Instead, defendant argues that the State failed to prove representation by counsel or waiver. We agree with the State's argument that unless defendant offers some evidence to affirmatively raise the question of whether he was not represented by counsel and did not waive counsel at the time of the prior convictions, defendant cannot shift the burden to the State to prove representation

- 8 -

or waiver. In essence, the State has presented its evidence in aggravation and the defendant has done nothing to call its reliability into question except to argue its insufficiency." *Id.* at 543.

The court acknowledged, but distinguished, *Burgett*:

> "Here, defendant did not collaterally attack the prior convictions. Instead, defendant merely objected to the sufficiency of the State's evidence. Defendant did not testify at sentencing. *Without some evidence to the contrary, we will presume the trial courts in the prior convictions of defendant fulfilled their constitutional obligations to defendant*. [Citation.]" (Emphasis added.) *Id.* at 545.

¶ 30    In making the emphasized statement, the court cited the *dissenting opinion* in *People v. McCarty*, 101 Ill. App. 3d 355, 361 (1981) (Heiple, J., dissenting), *aff'd in part and rev'd in part*, 94 Ill. 2d 28 (1983). We, therefore, turn to *McCarty*. In *McCarty*, the defendant was convicted of felony theft, which was aggravated because of a prior armed robbery conviction, and he was given probation. *McCarty*, 94 Ill. 2d at 31. Thereafter, he committed attempted retail theft. *Id.* Without the assistance of counsel, the defendant pleaded guilty to that offense. *Id.* Thereafter, the State petitioned to revoke the defendant's probation. *Id.* Following a hearing, the trial court granted the petition and imposed a sentence of two years' imprisonment. *Id.* On appeal, the defendant contended that his prison sentence was void because (1) the prior armed robbery was not a " 'type of theft' " that could enhance a misdemeanor theft to felony theft, thus resulting in a void conviction of, and sentence for, felony theft, and (2) the uncounseled guilty plea could not be used to revoke the defendant's probation. *Id.* at 31-32. When the case reached the supreme court, it resolved the appeal solely on the first issue. *Id.* at 40.

¶ 31    The appellate court, however, had addressed both issues. In discussing the validity of the guilty plea, the court noted that the docket sheet—the only potential evidence of whether the defendant waived his right to counsel before pleading guilty—was silent on whether the defendant waived that right. *McCarty*, 101 Ill. App. 3d at 359-60. Specifically, the docket sheet provided:

> " 'Case called for arraignment. *** Defendant appears personally in the custody of the Police Department of the City of Kankakee without counsel. Defendant given copy of the complaint. Same is read to him. Explanation of rights given, including right to counsel. Upon being duly arraigned, defendant pleads not guilty and waives jury.' " *Id.* at 359.

The court noted that, "[u]nder Supreme Court Rule 401, the record must demonstrate that the defendant understood his right to counsel." *Id.* The court also cited case law holding that " '[a] finding of waiver [of the right to counsel] will not be made unless it appears from the record that at each critical stage of the proceeding the trial judge specifically offered, and the accused knowingly and understandingly rejected, the representation of appointed counsel.' " (Emphasis omitted.) *Id.* at 360 (quoting *People v. Hessenauer*, 45 Ill. 2d 63, 68 (1970)). "[W]hen the record is devoid of any affirmative indication that the accused has waived his right to counsel, the burden is upon the State to demonstrate the knowing and intelligent waiver of that constitutional right." *Id.* The court concluded that "the docket entry d[id] not establish the affirmative acquiescence that the United States Supreme Court or our State supreme court requires for a finding of waiver of the right to counsel." *Id.*

¶ 32     The dissent took issue only with the majority's position on whether the defendant waived the right to counsel. *Id.* at 360-61 (Heiple, J., dissenting). In doing so, the dissent noted that "[f]or over 30 years the United States Supreme Court has adhered to the view that a trial judge, upon arraignment of a criminal defendant, is presumed to discharge his responsibility to advise the accused of his constitutional rights." *Id.* at 361. The dissent determined that that "conclusion applie[d] with equal force to a trial judge's statutory obligations which are founded on such guarantees [delineated in Rule 401]." *Id.* While the dissent recognized that the inference that trial courts discharge their duties is subject to challenge, it determined that such a challenge cannot succeed "when its genesis is a silent record." *Id.*

¶ 33     Under *McCarty*, defendant would succeed in his challenge to the use, in aggravation, of his DUI conviction in case No. 96-DT-17. Even though the defendant in *McCarty* was making a *collateral* challenge to a prior conviction, the court took the same approach as we did in *Montgomery*, where the defendant was challenging his conviction on direct appeal. Thus, under *McCarty*, before a prior conviction can be used against a defendant in a subsequent case, the record from the previous case must affirmatively show that the defendant waived his right to counsel, and the burden of making that showing rests initially with the State. Here, the parts of the record produced from case No. 96-DT-17 do not affirmatively show that defendant validly waived his right to counsel. Under *Laskowski*, however, the presumption would swing the other way, with the burden falling on defendant to initially produce "some evidence" that the prior conviction was obtained in violation of the right to counsel. See 287 Ill. App. 3d at 545. Notably, after *McCarty* was decided, the United States Supreme Court issued *Parke v. Raley*, 506 U.S. 20 (1992), which abrogated *Burgett*.

¶ 34     In *Parke*, the defendant was charged with robbery and with being a "persistent felony offender" in the first degree. *Id.* at 23. The latter charge was premised on the defendant's two prior burglary convictions entered upon guilty pleas. *Id.* The defendant did not file a direct appeal in either of those two prior burglary cases. *Id.* Instead, after he was charged with being a persistent felony offender in the first degree, the defendant claimed that he did not knowingly and voluntarily plead guilty in either burglary case. *Id.* No transcript from either guilty plea proceeding was ever presented. *Id.*

¶ 35     At issue before the United States Supreme Court was, essentially, whether the State bore the entire burden of establishing that the prior convictions were valid—specifically, that the guilty pleas were knowing and voluntarily. *Id.* at 22-23. The Court found that the State did not. *Id.* at 34. The Court noted that, on direct review of a conviction based on a guilty plea, a "presumption of invalidity" attaches to the plea. *Id.* at 29. However, the defendant never appealed his burglary convictions, which thus became final. *Id.* Rather, he was bringing a collateral challenge. In "this very different context," a different presumption controls: the " 'presumption of regularity' " that attaches to the final judgment entered in the prior case. *Id.* (quoting *Johnson v. Zerbst*, 304 U.S. 458, 468 (1938)). The defendant bears the burden of producing evidence rebutting that presumption. *Id.* at 31-32.

¶ 36     In reaching that result, the Court noted that, "[o]n collateral review, we think it defies logic to presume from the mere unavailability of a transcript (assuming no allegation that the unavailability is due to governmental misconduct) that the defendant was not advised of his rights." *Id.* at 30. The Court determined that *Burgett* did not necessitate a different result. *Id.* at 31. The Court explained that, "[a]t the time the prior conviction at issue in *Burgett* was entered, state criminal defendants' federal constitutional right to counsel had not yet been

recognized, and so it was reasonable to presume [in *Burgett*] that the defendant had not waived a right he did not possess." *Id.* The Court went on to note that, "[a]s we have already explained, the same cannot be said about a record that, by virtue of its unavailability on collateral review, fails to show compliance with the well-established [acceptance of guilty plea] requirements." *Id.*

¶ 37    After oral argument here, where this court asked the parties about *Parke*, the State filed an unopposed motion to cite *Parke* as additional authority. We granted that motion, and defendant filed a response. In that response, defendant argues, among other things, that *Parke* is inapplicable, because *Parke* involved admonishments given before accepting a guilty plea while this case concerns right-to-counsel admonishments. We disagree. *State v. Probst*, 124 P.3d 1237 (Or. 2005) (*en banc*), is instructive in addressing defendant's argument.

¶ 38    In *Probst*, the defendant was charged with felony driving under the influence of intoxicants (DUII) because she had been convicted of DUII on three previous occasions. *Id.* at 1238. She collaterally challenged the constitutional validity of one of the prior DUII convictions, arguing that, because she had not validly waived her right to counsel when she was convicted of that prior DUII, the State could not use that prior conviction to aggravate the current DUII offense. *Id.* at 1238, 1240. Although the defendant was represented by counsel at times in the prior case, and the plea petition in the prior case indicated that the defendant waived her right to counsel, the defendant claimed that there was no evidence that either her attorney or the trial court discussed with her the benefits of proceeding with counsel or the risks she faced by proceeding *pro se*. *Id.* at 1239-40.

¶ 39    Relying on *Parke*, the Oregon Supreme Court determined that "the Sixth Amendment permits a [S]tate to apply a presumption of validity to prior convictions." *Id.* at 1245. The court continued that "[t]he burden is on the defendant to prove by a preponderance of the evidence that [the prior conviction] was invalid." *Id.* at 1246. The court did not specify what evidence a defendant needed to submit to rebut the presumption of validity, but it did note that the burden could be met with a variety of evidence. *Id.*

¶ 40    Applying these principles to the facts before it, the court determined:

> "The [S]tate produced evidence of the contested predicate conviction. Defendant then produced evidence that she did not have counsel when she pleaded guilty to that charge. But lack of counsel, although relevant, is not dispositive. Defendant needed to be able to point to some evidence—from her own testimony or otherwise—tending to show that the absence of counsel resulted in an involuntary plea, whether because she was unaware of the possible consequences of proceeding without a lawyer, or otherwise. There is no such evidence in this record, either directly or by permissible inference. Thus, under the rule that we announce today, the trial court would be entitled to deny defendant's motion to suppress the fact of her contested conviction, and defendant's resulting conviction for felony DUII would be valid." (Emphasis omitted.) *Id.* at 1246.

¶ 41    We agree with the *Probst* court, which is one of

> "many state and federal courts [to] have concluded that post-*Gideon* convictions are entitled to a presumption of regularity, such that once the government establishes the existence of a prior conviction, it becomes the defendant's burden to prove that he or she did not have counsel and did not waive the right to counsel at the time of conviction." *State v. Vann*, 944 N.W.2d 503, 511 (Neb. 2020) (collecting cases).

See *Gideon v. Wainwright*, 372 U.S. 335 (1963). There is a longstanding principle in Illinois courts that a presumption of validity applies in favor of a judgment when it is subjected to collateral attack. See *People v. Pring*, 414 Ill. 63, 69-70 (1953); *Cullen v. Stevens*, 389 Ill. 35, 38 (1944); *People ex rel. Baird & Warner, Inc. v. Lindheimer*, 370 Ill. 424, 428 (1939); *Muslim Community Center v. Village of Morton Grove*, 392 Ill. App. 3d 355, 358 (2009). While the right to counsel that Illinois affords is broader than its sixth amendment counterpart, the interest in the finality of judgments prevails here such that we will not presume the *invalidity* of a prior conviction, as defendant would have us do. We recognize Rule 401(b)'s express requirement that a waiver of counsel be recorded verbatim, but its language does not evince an intent to upset the ingrained principle that judgments under collateral attack are presumed valid.

¶ 42　　We align ourselves with *Laskowski* and *Probst* and with the dissent in *McCarty*. Defendant needed to present *some* evidence to rebut the presumption that the conviction in case No. 96-DT-17 was obtained with defendant having validly waived his right to counsel. *Some* evidence includes, but is in no way limited to, transcripts from the prior proceedings, court documents from the prior proceedings, or affidavits from parties present during the prior proceedings, including the defendant, who can attest that no admonishments were given. See, *e.g.*, *United States v. Martinez-Cruz*, 736 F.3d 999, 1001 (D.C. Cir. 2013) (sufficient evidence constituted pair of affidavits the defendant filed indicating that "he was illiterate, *** nobody explained to him the waiver-of-counsel form, *** he did not recall appearing before a judge, and *** he was absolutely certain that if he did appear before a judge, the judge did not conduct an individualized plea colloquy of the sort that took place at the time of his [current guilty] plea"). In his affidavit, defendant asserted that he signed the jury waiver and could not remember what the trial court told him at that time. This assertion simply does not rebut the presumption that the conviction obtained in case No. 96-DT-17 was valid. See *Parke*, 506 U.S. at 25, 37 (the defendant's "self-serving testimony that he simply could not remember whether the trial judge advised him of *** rights [other than his right to a jury trial]" did not sustain the defendant's burden of proving the invalidity of the prior conviction).

¶ 43　　At oral argument, and in his response to the State's unopposed motion to cite additional authority, defendant suggested that this court can infer from the docket sheets that he did not waive his right to counsel. In light of *Parke*, we determine that no such inference can be made. Instructive on our position is *United States v. Gray*, 177 F.3d 86 (1st Cir. 1999).

¶ 44　　There, the defendant pleaded guilty to violating the federal anti-robbery statute. He was given an enhanced sentence based on a prior conviction. *Id.* at 88. On appeal, he argued, among other things, that the prior conviction could not be used to enhance his sentence because the docket sheet indicated nothing about whether the defendant had counsel or had waived his right to counsel when the prior conviction was obtained. *Id.* The appellate court refused to infer, from the silent record, that the prior conviction was obtained in violation of the defendant's right to counsel, especially when the defendant never testified that he was denied counsel or filed a sworn affidavit attesting to as much. *Id.* at 90. Relying on *Parke*, the court concluded that the docket sheet was not sufficient evidence to shift the burden to the State to establish that the defendant's right to counsel was not violated. *Id.* at 91.

¶ 45　　Here, as in *Gray*, the docket sheets do not indicate that the trial court admonished defendant about his right to counsel and that defendant waived that right. That mere silence, however, does not overcome the presumption that the conviction was validly obtained. Although defendant here, unlike the defendant in *Gray*, filed an affidavit, the affidavit does little to

suggest that defendant was denied his right to counsel. Rather, defendant's affidavit indicates that, on the day his alternate public defender withdrew, defendant signed a jury waiver and the trial court told him things that he could not remember. As indicated, that is not enough. See *Parke*, 506 U.S. at 25, 37.

¶ 46 Defendant claimed at oral argument, and in his response to the State's unopposed motion to cite additional authority, that the fact that the docket sheets reflect that he was admonished about other things, such as a trial *in absentia*, warrants inferring that he was *not* admonished about his right to counsel. We disagree. As we suggested at oral argument, it is just as reasonable to infer that defendant *was* admonished about his right to counsel *because* he was admonished about other things.

¶ 47 Given all of the above, we must conclude that defendant's reliance on *Burgett* is unfounded in light of *Parke*. We determine that, when a defendant seeks to collaterally challenge a conviction that is used to aggravate the class of a subsequent offense, the presumption of validity attaches, and the defendant bears the burden of producing *some* evidence that the prior conviction was invalid. If the defendant fails to meet that burden, no error occurs when the trial court uses that prior conviction to subject the defendant to an enhanced sentence. However, if the defendant meets his burden, the burden shifts to the State to establish that the prior conviction is valid.

¶ 48 We note that the above does not apply when a defendant *directly appeals* from a conviction that he claims was obtained in violation of his right to counsel. In a direct-appeal challenge, the record must affirmatively show that the defendant knowingly and voluntarily waived his right to counsel. Because there is a difference between a direct challenge and a collateral one in this context, we find misplaced the defendant's reliance on *People v. Herring*, 327 Ill. App. 3d 259, 262 (2002), in which the defendant directly appealed his convictions and the appellate court held that the defendant's waiver of counsel was ineffective because of noncompliance with Rule 401(b).

¶ 49 As a final matter, we would be remiss if we did not articulate some concerns that this case highlights. Specifically, we find it troubling that the docket sheets in case No. 96-DT-17 do not explicitly reflect that defendant, at any point, was admonished about his right to counsel. Concomitantly, we are troubled by the fact that defendant never alleged a violation of his right to counsel when he was convicted of DUI in case No. 96-DT-17, never alerted the court to this alleged violation when he pleaded guilty to DUI either time here, and never advised the court about the violation when he was sentenced in this case. We hope that, in the future, docket sheets will better reflect when defendants are admonished about their right to counsel, and we suggest that defendants more timely challenge convictions that they believe were obtained in violation of their right to counsel.

¶ 50                                    III. CONCLUSION
¶ 51 For the above-stated reasons, the judgment of the circuit court of Boone County is affirmed.

¶ 52 Affirmed.